1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   JENA A. MACCABE (Cal. Bar No. 316637)
4  KEVIN J. BUTLER (Cal. Bar No. 329129)
   Assistant United States Attorneys
5  Violent and Organized Crime Section
        1300 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone: (213) 894-5046/6495
        Facsimile: (213) 894-0141
8       E-mail:    jena.maccabe@usdoj.gov
                   kevin.butler2@usdoj.gov
9
10 Attorneys for Plaintiff
   UNITED STATES OF AMERICA
11
                   UNITED STATES DISTRICT COURT
12
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
13
   UNITED STATES OF AMERICA,          No. CR 23-00149-FMO
14
             Plaintiff,               GOVERNMENT'S OPPOSITION TO
15                                     DEFENDANT DAEKUN CHO'S APPLICATION
                  v.                   FOR REVIEW/RECONSIDERATION OF
16                                     ORDER OF DETENTION; DECLARATION OF
   DAEKUN CHO,                         JENA A. MACCABE; EXHIBITS
17   aka "DK,"
18           Defendant.
19
20
21      Plaintiff United States of America, by and through its counsel
22 of record, the United States Attorney for the Central District of
23 California and Assistant United States Attorneys Jena A. MacCabe and
24 Kevin J. Butler, hereby files its opposition to defendant DAEKUN
25 CHO's application for review/reconsideration of order of detention.
26 //
27 //
28

1    This opposition is based upon the attached memorandum of points

2 and authorities, the declaration of Jena A. MacCabe and exhibits

3 thereto, the files and records in this case, and such further

4 evidence and argument as the Court may permit.

5 Dated: July 31, 2023          Respectfully submitted,

6                               E. MARTIN ESTRADA
                                United States Attorney
7
                                MACK E. JENKINS
8                               Assistant United States Attorney
                                Chief, Criminal Division
9

10                                 ___/s/_____
                                JENA A. MACCABE
11                              KEVIN J. BUTLER
                                Assistant United States Attorneys
12
                                Attorneys for Plaintiff
13                              UNITED STATES OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

<u>DESCRIPTION</u>                                                                <u>PAGE</u>

MEMORANDUM OF POINTS AND AUTHORITIES.................................1

I.    INTRODUCTION...................................................1

II.   BACKGROUND.....................................................2

      A.    Defendant Extorted Two Business Owners from 2019
            through 2021 and Beat and Carjacked One of Them..........2

      B.    For Approximately Four Years, Defendant Extorted
            Another Victim, Whom Defendant Physically Assaulted
            This Year................................................4

      C.    Defendant Is Suspected of Committing a Shooting, a
            Kidnapping, and Other Beatings Last Year.................6

      D.    When Investigators Came to Arrest Defendant, He Tried
            to Flee, and Investigators Found Weapons and Physical
            Evidence Corroborating the Victims' Statements about
            His Crimes...............................................7

      E.    The Court Detained Defendant Pending Trial...............8

      F.    Feeling Safe with Defendant in Custody, Additional
            Victims Contacted Authorities about Defendant's Crimes...9

      G.    Defendant's Victims Fear His Release.....................10

      H.    Defendant's Criminal History.............................10

III.  DISCUSSION.....................................................11

      A.    Legal Standards for Pretrial Detention...................11

      B.    Defendant Is a Risk of Danger and Non-Appearance.........12

            1.    Nature and Circumstances of the Offenses...........12

            2.    Weight of the Evidence.............................14

            3.    History and Characteristics of Defendant...........16

            4.    Nature and Seriousness of the Danger Posed by
                  Defendant's Release................................18

IV.   CONCLUSION.....................................................20

i

**<u>TABLE OF AUTHORITIES</u>**

<u>DESCRIPTION</u>                                                                    <u>PAGE</u>

**Cases**

<u>United States v. Aslanian</u>,
   No. 22-50300, 2022 WL 18046468 (9th Cir. Dec. 30, 2022) .......... 14

<u>United States v. Barone</u>,
   387 F. App'x 88 (2d Cir. 2010) ............................... 15, 16

<u>United States v. Calabrese</u>,
   436 F. Supp. 2d 925 (N.D. Ill. 2006) ........................... 14

<u>United States v. Canady</u>,
   No. 1:07-CR-45, 2007 WL 9753227 (E.D. Tex. Mar. 8, 2007) ......... 13

<u>United States v. Colombo</u>,
   777 F.2d 96 (2d Cir. 1985) ..................................... 18

<u>United States v. Diaz-Hernandez</u>,
   943 F.3d 1196 (9th Cir. 2019) ............................... 11, 12

<u>United States v. Ferranti</u>,
   66 F.3d 540 (2d Cir. 1995) ..................................... 17

<u>United States v. Gebro</u>,
   948 F.2d 1118 (9th Cir. 1991) .................................. 11

<u>United States v. Hir</u>,
   517 F.3d 1081 (9th Cir. 2008) ............................... 18, 19

<u>United States v. Honeyman</u>,
   470 F.2d 473 (9th Cir. 1972) ................................... 14

<u>United States v. Knuckles</u>,
   No. 22-CR-20129, 2022 WL 2115994 (E.D. Mich. June 13, 2022) ...... 13

<u>United States v. Motamedi</u>,
   767 F.2d 1403 (9th Cir. 1985) .................................. 11

<u>United States v. Petrov</u>,
   604 F. App'x 66 (2d Cir. 2015) ................................. 19

<u>United States v. Townsend</u>,
   897 F.2d 989 (9th Cir. 1990) ................................... 17

<u>United States v. Wedington</u>,
   No. RDB-19-597, 2020 WL 4569524 (D. Md. Aug. 7, 2020) ........... 13

<u>United States v. Winsor</u>,
   785 F.2d 755 (9th Cir. 1986) ................................... 12

i

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                      PAGE

<u>United States v. Zhang</u>,
  55 F.4th 141 (2d Cir. 2022) ................................. 14, 16

**Statutes**

18 U.S.C. § 1951.......................................... 12, 17

18 U.S.C. § 2119(2)....................................... 12, 17

18 U.S.C. § 3142....................................... 11, 12, 14

18 U.S.C. § 3143(c)........................................... 20

18 U.S.C. § 3771(a)(4)....................................... 10

California Penal Code § 135.................................. 11

California Penal Code § 664.................................. 11

California Penal Code § 25850(a)............................. 10

California Penal Code § 27545................................ 11

**Rules**

Fed. R. Crim. P. 60(a)(3)................................... 10

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3       For years, defendant DAEKUN CHO, also known as "DK,"

4  ("defendant") has been extorting businesses and individuals in the

5  Koreatown area of Los Angeles.  Specifically, defendant charges

6  karaoke bars and doumi[1] drivers a monthly "protection fee" (or

7  unlawful debt).  If the bar operators or drivers do not pay,

8  defendant commits acts of violence against those individuals.  Or

9  defendant will ban drivers from servicing -- or financially penalize

10  drivers who service -- karaoke bars that refuse to pay defendant.

11  Since karaoke bars rely on the availability of doumis for their

12  businesses to survive, they would comply with defendant's demands.

13       To further his extortion scheme, defendant committed a shooting,

14  a carjacking, a kidnapping, and other acts of physical violence.

15  Defendant made explicit threatening statements to the doumi drivers

16  and karaoke bar owners to force them to pay a monthly fee.  Many of

17  those acts and demands are captured on audio or video recordings, and

18  in text messages, laying defendant's violent scheme bare.

19       For this conduct, defendant is charged with 32 counts of

20  extortion, one count of attempted extortion, and one count of

21  carjacking.  At his initial appearance, defendant was detained

22  pending trial.  He then applied for reconsideration of the detention

23  order based on the identification of sureties with real property with

24  $500,000 of equity, which was denied based on "the facts of

25  [d]efendant's violent conduct (as explained in the original criminal

26  complaint[)] [that] have been augmented by convincing proof of

27

28       [1] "Doumi" is a colloquial word for a hostess/companion that gets
paid by the patron of the karaoke bar to accompany them.

possession of serious weaponry and additional information regarding [d]efendant's conduct at the time of his arrest."  (Dkt. 28.)

Defendant now appeals to this Court, which should deny defendant's application because there are no conditions or combination of conditions that will reasonably assure the appearance of defendant and the safety of any person or the community.

## II.   BACKGROUND

### A.   Defendant Extorted Two Business Owners from 2019 through 2021 and Beat and Carjacked One of Them

In July 2019, defendant approached Y.S. -- who, along with his business partner J.L. operated a doumi driving company -- while Y.S. was dropping off doumis at the parking lot for a karaoke bar. (Compl. ¶ 25, Dkt. 1.)  Defendant told Y.S. that if he and J.L. wanted to continue to do business, they must start paying defendant protection fees.  (Id.)  Of course, the only person that Y.S. and J.L. needed protection from was defendant.  Y.S. and J.L. paid defendant around the 15th of every month.  (Id. ¶ 26.)  Law enforcement obtained Venmo records showing extortion payments from Y.S. and J.L. to defendant.  (Decl. of Jena A. MacCabe ("MacCabe Decl.") ¶ 2; Ex. 1 (samples of Venmo payments).)[2]

Y.S. and J.L., like another victim driver ("S.S.") and others, also shared texts from an unknown number, which they understood to be defendant based on the context of the messaging group they were in and history of defendant sending such messages, dictating what bars they could visit.  (Compare Ex. 2 (texts from "unknown"), with Ex. 3 (texts from "DK").)  In one conversation provided by a confidential

---

[2] All exhibits listed in this opposition are exhibits to the attached declaration of Jena A. MacCabe.

source, defendant tells the doumi drivers which karaoke bars they were prohibited from servicing and then says, "Anyone try[,] Ur car gonna get fucckedup with u in it . . . [.]  Any bitch ass rat go there.  I'ma fuckin kill u."  (Ex. 4.)  In another conversation, when Y.S. told defendant he was not going to certain karaoke bars, defendant responded, "Just remember wherever u work theres gonna be pay issues . . . [.]  Hope ur smart enough."  (Ex. 5.)

In 2021, defendant told Y.S. that he was raising the "protection" prices, but Y.S. refused to pay the price increase. (Compl. ¶ 27.)  As corroboration, Y.S. provided dash camera footage from Y.S.'s car on April 21, 2021, where defendant says, "I need my money," and asks, "Did you call cops?"  (Ex. 6.)  In response to Y.S.'s lack of payment, on May 8, 2021, defendant and his accomplice pulled Y.S. out of Y.S.'s vehicle and assaulted Y.S. with baseball bats.  (Compl. ¶ 27.)  Defendant told his accomplice to "fuck him up."  (Id.)  Defendant and his accomplice broke Y.S.'s left arm and caused him to need stitches for a laceration to his lower left leg. (Id.)  They also inflicted multiple lacerations, abrasions, and bruising on Y.S.'s legs and hips.  (Id.)  During the attack, Y.S. was screaming and yelling, "I will pay!  I will pay!"  (Id. ¶ 30.)  After attacking Y.S., defendant stole Y.S.'s car.  (Id. ¶ 31.)

The entirety of defendant's attack on Y.S. was captured on CCTV footage from the karaoke bar and was provided to law enforcement. (Id. ¶ 33; Ex. 7-8.)  Y.S. stated that defendant was wearing a mask with skeleton graphic during the attack, but Y.S. was able to identify defendant by the top half his visible face and his voice, as well as the content of the communication.  (Compl. ¶ 28.)  Shortly after the attack, defendant posted a photograph of himself on

Instagram wearing the same skeleton mask.  (Id.)  When defendant was
arrested, law enforcement found matching skeleton masks at
defendant's house.  (Compare Ex. 9 (defendant's Instagram post,
lightened below for visibility), with Ex. 10 (photograph of masks
seized from defendant's house).)



        Following Y.S.'s beating, in July 2021, Y.S. and J.L. began
receiving threatening messages from an unknown number whom they
believe to be defendant.  (Compl. ¶ 35.)  Those messages addressed
the victims' family members, home addresses, and vehicle
identification numbers.  (Id.)  The messages read, "I know where you
live" and "see u."  (Id.)

        After defendant's attack on Y.S., and after receiving the
threatening messages, Y.S. and J.L. closed their business.  (Id.
¶ 37.)  J.L. also fled to another state with his family.  (Id. ¶ 35.)

**B.   For Approximately Four Years, Defendant Extorted Another
       Victim, Whom Defendant Physically Assaulted This Year**

        For approximately four years, S.S., another doumi driver, paid
defendant a monthly extortion fee.  (Compl. ¶ 48.)  Law enforcement
obtained Venmo records that show these payments beginning in 2020

when defendant began accepting electronic payments due to the pandemic.  (See MacCabe Decl. ¶ 11; Ex. 11 (samples of Venmo payments).)  After S.S. decided to stop paying, on January 24, 2023, defendant texted someone asking where S.S. lives.  (Ex. 24.)  Later that night, defendant approached S.S., who was sitting in his car, and physically assaulted him.  (Compl. ¶¶ 48–49.)  Before and during the assault, defendant asked S.S. if he wanted to die and told him, "[I]f you ignore more text messages, next time, I'm gonna kill you." (Ex. 12.)  Defendant also stole approximately $1,000 from him. (Compl. ¶ 49.)  Defendant even texted someone that night, "I got [S.S.] haaha," and the next day, in "Ktown[,] I socked his ass." (Ex. 23; see also Ex. 24 ("I found him and socked him.").)

The following day, S.S. started paying defendant again out of fear for his safety.  (Compl. ¶ 50.)  Defendant had sent previous messages referencing his attack of Y.S. (above) as a means of coercion to get the companies to comply.  (See id.)

On February 14, 2023, defendant messaged S.S. to collect that month's extortion payment.  (Id. ¶ 52.)  Two days later, law enforcement set up an operation to surveil the interaction.  (Id. ¶ 54.)  That night, defendant messaged S.S. to meet him in a parking garage for a karaoke bar.  (Id. ¶ 58.)  Law enforcement officers set up surveillance in the parking garage and were spotted.  (Id. ¶ 60.) Defendant then messaged S.S. asking if S.S. had called the police. (Id.)

Defendant next changed the location for the meeting two times. (Id. ¶¶ 61-62.)  Law enforcement also spotted him driving by and making a U-turn, conducting countersurveillance, before telling S.S. to pay an intermediary instead, which S.S. did.  (Id. ¶¶ 62-65, 67.)

5

### C. Defendant Is Suspected of Committing a Shooting, a Kidnapping, and Other Beatings Last Year

Not only has defendant bragged about beating and carjacking Y.S. (Compl. ¶¶ 39, 50), but he also said that he kidnapped another doumi driver to "send a signal" to the company (id. ¶ 40).

Additionally, on July 15, 2022, defendant was involved in a shooting near a karaoke parking lot. (Id. ¶ 41.) At approximately 1:30 a.m., a victim pulled into the lot to drop off two doumis when defendant, who was wearing a mask covering the lower portion of his face, approached them. (Id. ¶ 42.) Defendant opened the door to the car and came halfway inside. (Id. ¶ 43.) Defendant appeared to have something in his waistband and told the driver that his company was not allowed to drop off doumis at that location and they had to leave. (Id.) Defendant then departed, and once the doumis got back into the car, all three individuals departed the parking lot as well. (Id.) As soon as the car pulled onto the street, the driver heard gunshots and glass breaking in the car. (Id.) He looked back and saw that one doumi was bleeding from a gunshot wound to the neck. (Id.) The incident was captured on surveillance video, and defendant can be seen leaning into the car as described. (Ex. 13 (first video clip).) Once the car drives away, defendant is no longer in focus, but bystanders can be seen taking cover after being startled by the discharge of a firearm. (Ex. 14 (second video clip).) Cell-site data also places one of defendant's phones in the area at the time of the shooting. (Ex. 15 (pertinent cell-site records highlighted in yellow).) This incident is currently under investigation by the Los Angeles Police Department. (Compl. ¶ 43.)

1    Finally, on the evening of September 17, 2022, D.E. was parked
2  at a karaoke bar when defendant opened his door and asked, "What
3  company do you work for?"  (Id. ¶¶ 45-46.)  Defendant then punched
4  D.E. in the face, and D.E. fled the location in his car.  (Id. ¶ 46.)
5  D.E. went to the hospital and was treated for injuries to the left
6  side of his face because of defendant.  (Id. ¶ 45.)

7         **D.    When Investigators Came to Arrest Defendant, He Tried to
              Flee, and Investigators Found Weapons and Physical Evidence
8             Corroborating the Victims' Statements about His Crimes**

9    On March 16, 2023, defendant was arrested on the charges in this
10 case, and search warrants were executed at defendant's home.  (Ex.
11 16.)  When law enforcement announced their presence, defendant
12 attempted to escape through multiple windows.  (See id.)  In the
13 latter room, law enforcement found a fully loaded firearm with the
14 safety disengaged.  (Id.)

15    Inside defendant's home, law enforcement found a 9mm firearm, a
16 Glock 17 caliber firearm, a partially built ghost gun, multiple
17 loaded, high-capacity magazines, and ammunition for a pistol (no such
18 pistol was recovered).  (Ex. 17.)  Law enforcement also found the
19 aforementioned skull masks like defendant wore when he beat Y.S., a
20 black beanie that defendant photographed himself wearing with the
21 skull mask, two baseball bats, $20,733 in cash and a Motorola phone
22 hidden underneath the sink.  (See id.)  Inside defendant's Mercedes
23 Benz, law enforcement found two knives, one of which is illegal to
24 possess.  (See id.)
25 //
26 //
27
28

Below is a photograph of some of the items seized (Ex. 10):



### E.    The Court Detained Defendant Pending Trial

Defendant is charged with 32 counts of extortion, one count of attempted extortion, and one count of carjacking.  (Indictment, Dkt. 14.)  On March 16, 2023, defendant made his initial appearance. (Dkt. 7.)  He declined to be interviewed by Pretrial Services and submitted on detention.

On April 26, 2023, defendant filed an application for review/reconsideration of his detention.  (Dkt. 19.)  Magistrate Judge Michael R. Wilner denied that request for reconsideration on May 8, 2023.  (Dkt. 28.)  Judge Wilner held that "[t]he government adequately showed by clear and convincing evidence that the Court cannot set conditions of release that would reasonably assure the safety of the community."  (Id.)  Judge Wilner continued:

> I recognize the significance of the pledge of a secured bond from Defendant's relatives.  However, **the facts of Defendant's violent conduct (as explained in the original criminal complaint have been augmented by convincing proof of possession of serious weaponry and additional information regarding Defendant's conduct at the time of his arrest.**  Taken together, the Court has little confidence that it could plausibly set conditions of release that would (a) protect the community and (b) be honored by Defendant during the pendency of the case.

(Id. (emphasis added).)

8

1  Defendant then filed the instant application on May 17, 2023.

2  (Dkt. 30.)  Defendant proposes the same bond from sureties, namely,

3  relatives in this District, with real property with $500,000 of

4  equity.  (Dkt. 19.)

5  **F.  Feeling Safe with Defendant in Custody, Additional Victims Contacted Authorities about Defendant's Crimes**

6

7  On July 18, 2023, a karaoke bar worker told investigators that

8  defendant had threatened him "many times."  (Ex. 18.)  He also said

9  that approximately five or six years ago, defendant showed up to a

10  karaoke bar one night after it was closed and demanded that the

11  manager open the store, pointing a pistol at the manager's head.

12  (Id.)  In approximately December 2020, when the victim started

13  working at a karaoke bar, defendant contacted the victim and told him

14  that he needed to pay defendant approximately $1,000 per month, but

15  reduced it to $500 per month when the victim said that he did not

16  have that kind of money.  (Id.)  Defendant told the victim, "[I]f you

17  don't pay[,] something will happen to you guys -- business-wise and

18  to them too."  (Id.)  Approximately one to two years ago, defendant

19  told the victim to shut off the surveillance cameras at his karaoke

20  bar or, "I'll find you and kill you," because defendant told the

21  victim that defendant had a "personal thing" with someone at the

22  karaoke bar and that something might happen.  (Id.)  The victim said

23  that about a year ago, defendant also hit a doumi driver he hated and

24  assaulted a karaoke worker who let that driver come to the karaoke

25  bar.  (Id.)

26  On July 18, 2023, another doumi driver told law enforcement that

27  when he started working as a driver, he had to pay defendant a $1,500

28  start-up/set-up fee to enter the business.  (Ex. 19.)  Defendant then

charged the victim $200 a month before increasing the price to $400 a month.  (Id.)  Defendant also would ban certain karaoke bars from having doumis, restricting drivers from going to those bars.  (Id.) If a driver violated the ban, defendant would threaten them and charge a penalty fee of approximately $200.  (Id.)  Defendant would even patrol karaoke bars to ensure that his victims were complying. (Id.)  One time, the victim heard defendant threaten to kill a karaoke worker "if you ever call those [banned doumi driving] companies again."  (Id.)

### G.  Defendant's Victims Fear His Release

J.L. and S.S. submitted written statements pleading for defendant's continued detention for their safety.  J.L. explains that he has "done everything that [he] was asked for and ha[s] gone above and beyond to try to stay safe and help authorities.  If [defendant] bails out, he would try to find [J.L.] and [J.L.'s] family.  The last three years have been very tough mentally and physically."  (Ex. 20.) S.S. explains that defendant's name is S.S.'s trauma, and if defendant is released, S.S. will not be able to maintain his life in Los Angeles.  (Ex. 21.)[3]  Y.S. and J.L. also intend to assert their right to be reasonably heard at the bail hearing.  See 18 U.S.C. § 3771(a)(4); see also Fed. R. Crim. P. 60(a)(3).

### H.  Defendant's Criminal History

On November 17, 2021, defendant was sentenced to 18 months of diversion for two counts of carrying a loaded firearm in violation of California Penal Code § 25850(a), one count of criminal firearm sales

---

[3] The government asks that the Court read past any grammatical errors in S.S.'s written submission because English is not S.S.'s first language.

1    in violation of California Penal Code § 27545, and one count of

2    attempting to destroy evidence in violation of California Penal Code

3    §§ 135, 664.  (Ex. 22 at 3.)  He was thus serving a diversion

4    sentence while committing many of the crimes he is now charged with.

5    **III. DISCUSSION**

6       Defendant's application for reconsideration of pretrial

7    detention should be denied because he is a danger to the community

8    and a risk of non-appearance.

9       **A.   Legal Standards for Pretrial Detention**

10       A defendant must be detained pending trial where "no condition

11    or combination of conditions will reasonably assure the appearance of

12    the person as required and the safety of any other person and the

13    community."  18 U.S.C. § 3142(e)(1).  Detention is thus appropriate

14    where a defendant is either a danger to the community or a flight

15    risk; it is not necessary to prove both.  United States v. Motamedi,

16    767 F.2d 1403, 1406 (9th Cir. 1985).  "[T]he government bears the

17    burden of showing by a preponderance of the evidence that the

18    defendant poses a flight risk, and by clear and convincing evidence

19    that the defendant poses a danger to the community."  United States

20    v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991) (citing Motamedi, 767

21    F.2d at 1406-07).

22       Categorical grants or denials of bail, untethered from an

23    individualized determination, are impermissible.  United States v.

24    Diaz-Hernandez, 943 F.3d 1196, 1199 (9th Cir. 2019).  That is because

25    "the Bail Reform Act mandates an individualized evaluation guided by

26    the factors articulated in § 3142(g)."  Id.  Those factors are:

27       (1)  the nature and circumstances of the offense charged;

28       (2)  the weight of the evidence against the defendant;

        (3)   the defendant's character, physical and mental condition,
              family and community ties, past conduct, history relating
              to drug or alcohol abuse, criminal history; and

        (4)   the nature and seriousness of the danger to any person or
              to the community that would be posed by the defendant's
              release.  18 U.S.C. § 3142(g).

United States v. Winsor, 785 F.2d 755, 757 (9th Cir. 1986) (per

curiam) (citation omitted).  Consideration of non-statutory factors

is disfavored.  Diaz-Hernandez, 943 F.3d at 1199.

        Pursuant to 18 U.S.C. § 3142(f)(2), a detention hearing may be

reopened "if the judicial officer finds that information exists that

was not known to the movant at the time of the hearing and that has a

material bearing on the issue whether there are conditions of release

that will reasonably assure the appearance of such person as required

and the safety of any other person and the community."

**B.   Defendant Is a Risk of Danger and Non-Appearance**

        For years, defendant has been endangering victims in Koreatown

and has tried to evade detection.  When he was arrested in this case,

he further demonstrated his risk of danger and non-appearance.

        1.   Nature and Circumstances of the Offenses

        The nature and circumstances of defendant's offenses

unequivocally weigh in favor of detention.

        Defendant faces a statutory maximum of 20 years for each of the

33 extortion and attempted extortion counts, see 18 U.S.C. § 1951,

and 25 years for the carjacking count, see 18 U.S.C. § 2119(2).  That

sentencing exposure reflects the seriousness of defendant's offenses.

And pretrial detention for such charges is common.  See, e.g., United

States v. Ricks, No. 8:23-cr-00094-MEMF, Dkt. 16 (C.D. Cal. June 29,

2023) (denying bond for carjacker who, like defendant, was not armed

1 with a firearm and, unlike defendant, did not even physically harm

2 the victim); United States v. Knuckles, No. 22-CR-20129, 2022 WL

3 2115994, at *2 (E.D. Mich. June 13, 2022) (denying bond for armed

4 carjacker); United States v. Wedington, No. RDB-19-597, 2020 WL

5 4569524, at *3 (D. Md. Aug. 7, 2020) (same); United States v. Canady,

6 No. 1:07-CR-45, 2007 WL 9753227, at *3 (E.D. Tex. Mar. 8, 2007)

7 (same, even when not applying the rebuttable presumption in favor of

8 detention).

9        Moreover, defendant's specific conduct in this case is alarming.

10 As merely one example, after extorting two business owners in

11 Koreatown for over a year, defendant demanded higher payments.  After

12 one of the business owners refused, defendant asked that victim if he

13 had called the cops.  Later, defendant and his accomplice pulled him

14 from his car and assaulted him with baseball bats.  Defendant told

15 his accomplice to "fuck [the victim] up."  They broke the victim's

16 left arm and caused him to need stitches for a laceration to his

17 lower left leg.  They also inflicted multiple lacerations, abrasions,

18 and bruising on his legs and hips.  They violently attacked the

19 victim while he yelled, "I will pay!  I will pay!"  They then stole

20 the victim's car.

21        In February of this year, while trying to collect an extortion

22 payment from a victim whom defendant had physically assaulted and

23 stolen $1,000 from the previous month, defendant showed his concern

24 about law enforcement detection.  Specifically, defendant asked the

25 victim whether he had called the police on defendant, engaged in

26 countersurveillance in driving around and changing the meeting

27 location, and ultimately instructed the victim to use an intermediary

28 to make the extortion payment.

1  In sum, the nature and circumstances of defendant's offenses

2  demonstrate that he is a risk of both danger and non-appearance.

3      2.   Weight of the Evidence[4]

4  The evidence that defendant committed the charged offenses is

5  overwhelming and cannot be ignored in assessing defendant's risk of

6  danger and non-appearance in this case.  See, e.g., United States v.

7  Aslanian, No. 22-50300, 2022 WL 18046468, at *1 (9th Cir. Dec. 30,

8  2022) ("Given the nature of the crime and the **strength of the**

9  **government's case**, we find that the government has met its burden of

10  showing, by clear and convincing evidence, that 'no condition or

11  combination of conditions will reasonably assure . . . the safety of

12  . . . the community.'" (emphasis added)).

13  In addition to the multiple victims who have recounted

14  defendant's crimes against them and other witnesses' statements, law

15  enforcement has video of defendant committing these crimes.  (See,

16  e.g., Compl. ¶ 33 (discussing video of carjacking); Ex. 7-8

17

18      [4] Nothing in the text endorses assigning relative weights to the
statutory factors, 18 U.S.C. § 3142(g), and this Court should not do

19  so.  The statement that the strength of the evidence is deserving of
the "least weight" originated with United States v. Honeyman, 470

20  F.2d 473, 474 (9th Cir. 1972), but only in the context of applying
the factors to that specific case.  While one factor might outweigh

21  others in a particular case, it is inappropriate to treat one factor
as categorically less important.  See United States v. Zhang, 55

22  F.4th 141, 149 (2d Cir. 2022) ("[T]he weight given to each factor
will inevitably vary from case to case.").  Indeed, various courts

23  have questions and criticized the creation of a hierarchy of factors.
See, e.g., United States v. Calabrese, 436 F. Supp. 2d 925, 927 (N.D.

24  Ill. 2006) (finding that "[s]ubsequent Ninth Circuit opinions seized
on [one case's] language but without discussing the justification for

25  favoring one," "[t]he statute does not instruct that one or another
factor is less important," "it is difficult to see how this factor

26  could always be less important than others," "were there very strong
evidence that a defendant was a serial rapist or killer, this factor

27  alone might outweigh all other[s]," and that the principle is an
"off-key but well-intentioned attempt to remind us of the rule that

28  detention is not to ordered simply because we are convinced that the
accused is guilty.").

(carjacking videos); Ex. 6 (dash camera footage of defendant).)  Law enforcement further has: messages that defendant sent to his victims (Compl. ¶¶ 35, 67); skeleton masks seized from defendant's house like the mask that defendant wore to attack a victim (id. ¶ 33; Ex. 10 (photograph of items seized from defendant's property); see also Compl. ¶ 42 (another victim reported that defendant wore a mask during a shooting incident)); photographs corresponding with injuries that defendant inflicted on one of his victims (Compl. ¶ 33); cell-site data corresponding with defendant's movements including during his attempted extortion (id. ¶¶ 56-57, 59, 61-63, 66); and records of the extortion payments (Compl. ¶¶ 26, 48).  And law enforcement has defendant's own admissions to, for example, physically assaulting S.S. the night that he robbed him.  (Ex. 23-24.)

Even the evidence of defendant's uncharged but related and relevant conduct is overwhelming.  Witness after witness have described defendant's violent tactics.  And, with respect to the shooting, for example, those witness statements are corroborated by surveillance video, where defendant can be seen leaning into the car as described (Ex. 13 (first video clip)) and bystanders shortly thereafter can be seen taking cover after being startled by a gunshot (Ex. 14 (second video clip)).  Moreover, defendant's phone's cell-site data shows that he was in the area at the time of the shooting. (Ex. 15 (pertinent cell-site records highlighted in yellow).)

All the evidence in this case conclusively shows defendant's coordinated violence against workers in Koreatown and installation of fear in his victims for years, for defendant's financial gain.  See United States v. Barone, 387 F. App'x 88, 89-90 (2d Cir. 2010) ("The fact that Barone . . . planned violent crimes . . . signals a degree

1  of dangerousness unlikely to be deterred by bail release

2  conditions.").  Accordingly, the weight of the evidence favors

3  defendant's continued detention.

4          3.  History and Characteristics of Defendant

5      Defendant's history and characteristics also favor detention.

6      Defendant's possession of three firearms, as well as a

7  suppressor -- while engaged in a violent extortion scheme, not to

8  mention while serving a diversion sentence for firearms charges --

9  supports his detention based on danger.  See Zhang, 55 F.4th at 150

10 (affirming detention of murder-for-hire defendant based on social

11 media post "in which he displayed a veritable arsenal of firearms in

12 the trunk of his car"); Barone, 387 F. App'x at 90 (affirming

13 detention based on danger where "[a]t the time of his arrest, Barone

14 was in possession of two firearms [and] ammunition").  Further,

15 defendant is suspected of being involved in a shooting.  In July of

16 last year, a victim reported that defendant approached his car as he

17 tried to drop off two doumis at a karaoke bar.  According to the

18 victim, defendant appeared to have something in his waistband and

19 told him that he was not allowed to drop off doumis at that location

20 and had to leave.  As they left, one of the doumis was shot in the

21 neck.

22     Defendant's demonstrated lack of regard for human life in

23 committing violence against many individuals, including with a

24 firearm and baseball bat, casts his possession of multiple

25 instruments of death in an alarming light.  His possession of

26 unregistered firearms militates in favor of detention.

27     And defendant's criminal conduct, including the crimes that he

28 is now charged with and the other crimes that witnesses have

reported, while serving a diversion sentence shows that defendant is
not amenable to pretrial supervision here.  Indeed, a release order
containing conditions "[p]rohibiting a defendant from committing a
crime or intimidating a witness does not at all impede his ability to
do so, and requires no more of him than that which the law already
demands from a defendant and every other citizen." United States v.
Ferranti, 66 F.3d 540, 544 (2d Cir. 1995).  Defendant could not even
follow the law to ensure that he would receive the benefits of
diversion, so expecting him to follow the law, and any other
conditions that the Court may impose for pretrial release, is
nonsensical.  In other words, it is not solely the fact that
defendant is charged in this case that demonstrates he would
constitute a danger to the community if released, but rather his
pattern of criminal conduct even while under supervision.

The Pretrial Services Report from defendant's initial appearance
also supports the conclusion that defendant is a risk of non-
appearance.  According to that report, when law enforcement ordered
defendant to come out of his house, defendant refused and began a
five-to-ten-minute standoff.  During the standoff, defendant tried to
escape from a bathroom window but repositioned himself in the house
when he saw law enforcement outside.  Again, defendant attempted this
escape while serving a diversion sentence for charges including the
attempted destruction of evidence.

Finally, defendant faces a statutory maximum of 20 years for
each of the 33 extortion and attempted extortion counts, see 18
U.S.C. § 1951, and 25 years for the carjacking count, see 18 U.S.C.
§ 2119(2).  The possibility of a lengthy prison sentence may motivate
defendant to not appear for future court hearings.  See United States

1  v. Townsend, 897 F.2d 989, 994-95 (9th Cir. 1990) (holding that the

2  district court properly considered "penalties possible under the

3  present indictment" as providing an "incentive to consider flight,"

4  and noting that electronic monitoring cannot assure prevention of

5  non-appearance).  Moreover, defendant is a Korean citizen, is fluent

6  in the language, and could presumably easily flee to Korea.[5]

7          4.   Nature and Seriousness of the Danger Posed by
                Defendant's Release

8

9      For years, defendant has used violence to extort multiple

10 victims and strangle the karaoke industry in Koreatown.  He is not

11 only a risk of danger to the community but has acted on his

12 dangerousness time and again.

13     Defendant proposes conditions of release that include bond from

14 sureties with real property with $500,000 of equity.  Even if the

15 Court accepted that proposal as mitigating the risk of non-

16 appearance, significant bond resources, including property, do

17 nothing to eliminate the risk of danger to the community.  See Rep.

18 No. 225, 98th Congress, 1st Sess. 1983, 1984 U.S.C.A.N. 3182, 3198-99

19 (n.60) (Congress finding that "a defendant who is a danger to the

20 community remains dangerous even if he has posted a substantial money

21 bond"); see, e.g., United States v. Hir, 517 F.3d 1081, 1092 (9th

22 Cir. 2008) (affirming district court's denial of proposed $600,000

23 secured bail package based on risk defendant posed to the community).

24     Nor do prohibitions against contacting victims or witnesses

25 alleviate the danger defendant poses.  See United States v. Colombo,

26

27 _____

28     [5] Defendant was a legal permanent resident in the United States,
   but his status was revoked due to marriage fraud.  Defendant is
   currently appealing that ruling.

                               18

1   777 F.2d 96, 100 (2d Cir. 1985) (reversing grant of pretrial release
2   members where release conditions "clearly inadequate to protect the
3   public" because "prohibiting [defendant] from committing a crime or
4   intimidating a witness does not at all impede his ability to do so").
5   Until he was taken into custody, defendant was a serious danger,
6   including to S.S. who had to pay defendant again approximately an
7   hour and a half before defendant was arrested because S.S. feared
8   defendant and did not know about his forthcoming arrest.  See, e.g.,
9   United States v. Petrov, 604 F. App'x 66, 67 (2d Cir. 2015)
10  (affirming district court's detention order in extortion case where
11  defendant "threatened the complainant and had previously threatened
12  and orchestrated an assault on the complainant's cousin").

13      Defendant's documented awareness of law enforcement
14  investigation techniques and eagerness to avoid detection (by, for
15  example, questioning karaoke bar operators about their surveillance
16  cameras and engaging in countersurveillance when attempting to extort
17  his victim) further counsels against release on these conditions.
18  Given defendant's previous efforts to avoid detection, any release
19  conditions would be "critical[ly] flaw[ed]."  Hir, 517 F.3d at 1092.
20  "In order to be effective, they depend on [the defendant]'s good
21  faith compliance and are too easily circumvented or manipulated."
22  Id.; see also United States v. Tortora, 922 F.2d 880, 886 (1st Cir.
23  1990) (reversing release order finding that restrictions on
24  communications with any person not approved by counsel, monitoring of
25  phone through pen register, 24-hour house arrest, and other
26  conditions had "an Achilles' heel" because "virtually all of them
27  hinge on the defendant's good faith compliance").

28

## IV.   CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's application for release.  If this Court is inclined to grant bail, the government respectfully requests that this Court either (1) stay its bail order pending appeal per Federal Rule of Appellate Procedure 8(a)(1)(A), or (2) order continued detention pending a government appeal per 18 U.S.C. § 3143(c).

1

**<u>DECLARATION OF JENA A. MACCABE</u>**

2      I, Jena A. MacCabe, declare as follows:

3      1.   I am an Assistant United States Attorney in the United

4 States Attorney's Office for the Central District of California.   I

5 am the attorney representing the government in this case.

6      2.   Attached hereto as Exhibit 1 are some Venmo payments that

7 defendant extorted from Y.S. and J.L., which are being filed under

8 seal concurrently with this filing.   The underlying records provided

9 by Venmo have been produced to the defense but are not being

10 transmitted to this Court at this time due to their size.

11     3.   Attached hereto as Exhibit 2 are some text messages that

12 J.L. reasonably believes are from defendant, which are being filed

13 under seal concurrently with this filing.

14     4.   Attached hereto as Exhibit 3 are some text messages from

15 defendant that S.S. provided, which are being filed under seal

16 concurrently with this filing.

17     5.   Attached hereto as Exhibit 4 are some text messages from

18 defendant that a confidential source provided, which are being filed

19 under seal concurrently with this filing.

20     6.   Attached hereto as Exhibit 5 are some text messages from

21 defendant that Y.S. provided, which are being filed under seal

22 concurrently with this filing.

23     7.   Attached hereto as Exhibit 6 is dash camera footage from

24 Y.S.'s car capturing defendant on audio, which is being manually

25 filed concurrently with this filing.

26     8.   Attached hereto as Exhibits 7 and 8 is CCTV footage of

27 defendant's carjacking, which is being manually filed concurrently

28 with this filing.

9.     Attached hereto as Exhibit 9 is defendant's Instagram post of himself wearing a skeleton mask shortly after the carjacking that Y.S. provided.

10.    Attached hereto as Exhibit 10 is a photograph of some items seized during the searches of defendant's residence, vehicles, and person on March 16, 2023.

11.    Attached hereto as Exhibit 11 are some Venmo payments that defendant extorted from S.S., which are being filed under seal concurrently with this filing.  The underlying records provided by Venmo have been produced to the defense but are not being transmitted to this Court at this time due to their size.

12.    Attached hereto as Exhibit 12 is a report of an interview with S.S., which is being filed under seal concurrently with this filing.

13.    Attached hereto as Exhibits 13 and 14 are videos from the karaoke bar where a doumi was shot, which are being manually filed concurrently with this filing.

14.    Attached hereto as Exhibit 15 are some records of defendant's cell-site data.

15.    Attached hereto as Exhibit 16 is the report of investigation briefly summarizing defendant's arrest and the execution of the search warrants.

16.    Attached hereto as Exhibit 17 is the inventory of items seized during the execution of the search warrants.

17.    Attached hereto as Exhibit 18 is a report of an interview with a victim after defendant's arrest, which is being filed under seal concurrently with this filing.

18.   Attached hereto as Exhibit 19 is a report of an interview with another victim after defendant's arrest, which is being filed under seal concurrently with this filing.

19.   Attached hereto as Exhibit 20 is J.L.'s written statement advocating for defendant's continued detention, which is being filed under seal concurrently with this filing.

20.   Attached hereto as Exhibit 21 is S.S.'s written statement advocating for defendant's continued detention, which is being filed under seal concurrently with this filing.

21.   Attached hereto as Exhibit 22 is defendant's criminal history.

22.   Attached hereto as Exhibit 23 is a text message conversation seized from defendant's Motorola phone pursuant to the search warrant in Case No. 23-MJ-1091.

23.   Attached hereto as Exhibit 24 is another text message conversation seized from defendant's Motorola phone pursuant to the search warrant in Case No. 23-MJ-1091.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on July 31, 2023.

*/s/ Jena A. MacCabe*
 JENA A. MACCABE

# EXHIBIT 1

# DOCUMENT UNDER SEAL

# EXHIBIT 2

# DOCUMENT UNDER SEAL

# EXHIBIT 3

# DOCUMENT UNDER SEAL

# EXHIBIT 4

# DOCUMENT UNDER SEAL

# EXHIBIT 5

# DOCUMENT UNDER SEAL

EXHIBIT 6

VIDEO

MANUALLY FILED

EXHIBIT 7


VIDEO
MANUALLY FILED

EXHIBIT 8


VIDEO
MANUALLY FILED

EXHIBIT 9



godkingbabyloc  2시간

메시지 보내기

004644

EXHIBIT 10



# EXHIBIT 11

# DOCUMENT UNDER SEAL

# EXHIBIT 12

# DOCUMENT UNDER SEAL

# EXHIBIT 13

# VIDEO
# MANUALLY FILED

EXHIBIT 14


VIDEO

MANUALLY FILED

# EXHIBIT 15

**Information Provided To:**



| | |
|---|---|
| Agency: | Homeland Security |
| Requestor: | MICHAEL CHOI |
| Agent Address: | DHS/ICE/HSI |
| Billing City, State, Zip: | LONG BEACH, CA 90802-0000 |
| Provided On: | February 09, 2023 |

**Request Submission Response**

This is in response to the Search Warrant, 193723VLOPINGO, dated February 02, 2023,  which was served upon T-Mobile US, Inc. You have requested information for the subscriber associated with MSISDN: 9496643131. All times below are reflected in Coordinated Universal Time (UTC).

| Date | Time | Duration | Call Type | Direction | Calling Number | Dialed Number | Called Number | Destination Number | IMSI | IMEI | Completion Code | Service Code |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/14/2022 | 18:42:31 | 8 | mtc | Incoming | 19043807599 | 19496643131 | 19496643131 | 19496643131 | 310260272634194 | 356862190952820 | Completed Successfully | 02A;11 |
| 07/14/2022 | 18:43:03 | 8 | moc | Outgoing | 19043807599 | 13608429999 | 13608429999 | 13608429999 | 310260272634194 | 356862190952820 | Completed Successfully | 02A |
| 07/15/2022 | 00:31:20 | 29 | mtc | Incoming | 13103722573 | 19496643131 | 19496643131 | 19496643131 | 310260272634194 | 356862190952820 | Completed Successfully | 02A;11 |
| 07/15/2022 | 00:31:52 | 29 | moc | Outgoing | 13103722573 | 13608429999 | 13608429999 | 13608429999 | 310260272634194 | 356862190952820 | Completed Successfully | 02A |
| 07/15/2022 | 00:32:25 | | SMSC | | 128 | | 19496643131 | | | | Completed Successfully | |
| 07/15/2022 | 08:43:17 | | SMSC | | 19099198466 | | 19496643131 | | | | Completed Successfully | |
| 07/15/2022 | 08:43:19 | | SMSC | | 19099198466 | | 19496643131 | | | | Completed Successfully | |
| 07/15/2022 | 08:46:42 | | SMSC | | 19496643131 | | 19099198466 | | | | Completed Successfully | |
| 07/15/2022 | 08:55:27 | 98 | mtc | Incoming | 12138040077 | 19496643131 | 19496643131 | 19496643131 | 310260272634194 | 356862190952820 | Completed Successfully | 11 |
| 07/15/2022 | 08:57:10 | | SMSC | | 19099198466 | | 19496643131 | | | | Completed Successfully | |
| 07/15/2022 | 08:57:22 | | SMSC | | 19099198466 | | 19496643131 | | | | Completed Successfully | |
| 07/15/2022 | 08:57:24 | | SMSC | | 19099198466 | | 19496643131 | | | | Completed Successfully | |
| 07/15/2022 | 09:00:59 | | SMSC | | 19496643131 | | 19099198466 | | | | Completed Successfully | |
| 07/15/2022 | 09:06:09 | | SMSC | | 19099198466 | | 19496643131 | | | | Completed Successfully | |
| 07/15/2022 | 09:12:14 | 183 | moc | Outgoing | 19496643131 | 12138040077 | 12138040077 | 12138040077 | 310260272634194 | 356862190952820 | Completed Successfully | |
| 07/15/2022 | 09:15:33 | 16 | moc | Outgoing | 19496643131 | 12138040077 | 12138040077 | 12138040077 | 310260272634194 | 356862190952820 | Completed Successfully | |
| 07/15/2022 | 09:44:17 | | moc | Outgoing | 19496643131 | 12138040077 | 12138040077 | 12138040077 | 310260272634194 | 356862190952820 | Completed Successfully | |
| 07/15/2022 | 09:51:19 | 190 | moc | Outgoing | 19496643131 | 12138040077 | 12138040077 | 12138040077 | 310260272634194 | 356862190952820 | Completed Successfully | |
| 07/15/2022 | 09:57:53 | | SMSC | | 19099198466 | | 19496643131 | | | | Completed Successfully | |

**Information Provided By:**
T-Mobile US, Inc.
Law Enforcement Relations

4 Sylvan Way, Parsippany, New Jersey 07054
Tel: 866-537-0911; Fax: 973-292-8697

Page: 1 of 9

000536

| Date | Time | | Type | Direction | | | | | | | Status | |
|------|------|---|------|-----------|---|---|---|---|---|---|--------|---|
| 07/15/2022 | 10:07:43 | | SMSC | | 19099198466 | | 19496643131 | | | | Completed Successfully | |
| 07/15/2022 | 10:08:43 | | moc | Outgoing | 19496643131 | 12138040077 | 12138040077 | 12138040077 | 310260272634194 | 356862190952820 | Abnormal Completion | |
| 07/15/2022 | 22:39:13 | | SMSC | | 19496643131 | | 19099198466 | | | | Completed Successfully | |
| 07/15/2022 | 22:39:50 | | SMSC | | 19099198466 | | 19496643131 | | | | Completed Successfully | |
| 07/15/2022 | 22:39:54 | | SMSC | | 19099198466 | | 19496643131 | | | | Completed Successfully | |
| 07/15/2022 | 22:40:42 | | SMSC | | 19496643131 | | 19099198466 | | | | Completed Successfully | |
| 07/15/2022 | 22:40:54 | | SMSC | | 19099198466 | | 19496643131 | | | | Completed Successfully | |
| 07/15/2022 | 22:41:01 | | SMSC | | 19496643131 | | 19099198466 | | | | Completed Successfully | |
| 07/15/2022 | 22:41:09 | | SMSC | | 19099198466 | | 19496643131 | | | | Completed Successfully | |
| 07/15/2022 | 22:42:04 | | SMSC | | 19496643131 | | 19099198466 | | | | Completed Successfully | |
| 07/15/2022 | 22:42:14 | | SMSC | | 19099198466 | | 19496643131 | | | | Completed Successfully | |
| 07/16/2022 | 01:26:45 | | SMSC | | 19496643131 | | 13102103937 | | | | Completed Successfully | |
| 07/16/2022 | 03:06:35 | 295 | moc | Outgoing | 19496643131 | 12138040077 | 12138040077 | 12138040077 | 310260272634194 | 356862190952820 | Completed Successfully | |
| 07/16/2022 | 03:40:58 | 2 | moc | Outgoing | 19496643131 | 12134487726 | 12134487726 | 12134487726 | 310260272634194 | 356862190952820 | Completed Successfully | |
| 07/16/2022 | 03:45:55 | 1 | moc | Outgoing | 19496643131 | 12132009485 | 12132009485 | 12132009485 | 310260272634194 | 356862190952820 | Completed Successfully | |
| 07/16/2022 | 06:22:44 | | mtc | Incoming | 12132009485 | 19496643131 | 19496643131 | 19496643131 | 310260272634194 | 356862190952820 | Abnormal Completion | 11 |
| 07/16/2022 | 08:43:10 | | SMSC | | 13234241460 | | 19496643131 | | | | Completed Successfully | |
| 07/16/2022 | 08:56:43 | | SMSC | | 19496643131 | | 13234241460 | | | | Completed Successfully | |
| 07/16/2022 | 20:30:06 | | SMSC | | 18187950460 | | 19496643131 | | | | Completed Successfully | |
| 07/16/2022 | 20:30:06 | | SMSC | | 18187950460 | | 19496643131 | | | | Completed Successfully | |
| 07/16/2022 | 20:30:07 | | SMSC | | 18187950460 | | 19496643131 | | | | Completed Successfully | |
| 07/16/2022 | 20:30:07 | | SMSC | | 18187950460 | | 19496643131 | | | | Completed Successfully | |
| 07/16/2022 | 20:30:39 | | SMSC | | 18187950460 | | 19496643131 | | | | Completed Successfully | |
| 07/16/2022 | 20:31:07 | | SMSC | | 18187950460 | | 19496643131 | | | | Completed Successfully | |
| 07/16/2022 | 20:45:36 | | SMSC | | 19496643131 | | 18187950460 | | | | Completed Successfully | |
| 07/16/2022 | 21:10:40 | | SMSC | | 18187950460 | | 19496643131 | | | | Completed Successfully | |
| 07/16/2022 | 22:06:02 | | SMSC | | 18187950460 | | 19496643131 | | | | Completed Successfully | |

**Information Provided By:**
T-Mobile US, Inc.
Law Enforcement Relations

4 Sylvan Way, Parsippany, New Jersey 07054
Tel: 866-537-0911; Fax: 973-292-8697

Page: 2 of 9

000537

| 07/16/2022 | 22:06:50 | SMSC | 19496643131 | 18187950460 | Completed Successfully |
| 07/16/2022 | 22:07:41 | SMSC | 18187950460 | 19496643131 | Completed Successfully |

**Information Provided By:**
T-Mobile US, Inc.
Law Enforcement Relations

4 Sylvan Way, Parsippany, New Jersey 07054
Tel: 866-537-0911; Fax: 973-292-8697

Page: 3 of 9

000538

| Switch Name | 1st LTE Site ID | 1st LTE Sector ID | 1st LAC | 1st Cell ID | 1st Tower Azimuth | 1st Tower LAT | 1st Tower LONG | 1st Tower Address | 1st Tower City | 1st Tower State | 1st Tower Zip | Last LTE Site ID | Last LTE Sector ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PXTAS201 | 87038 | 8 | | | 120 | 34.164314 | -118.377297 | 11272 MAGNOLIA BLVD | North Hollywood | CA | 91601 | | |
| PXTAS201 | 87038 | 8 | | | 120 | 34.164314 | -118.377297 | 11272 MAGNOLIA BLVD | North Hollywood | CA | 91601 | | |
| PXTAS201 | 176637 | 2 | | | 325 | 34.0306 | -118.208 | 2930 Whittier Blvd | Los Angeles | CA | 90023-1529 | | |
| PXTAS201 | 176637 | 2 | | | 325 | 34.0306 | -118.208 | 2930 Whittier Blvd | Los Angeles | CA | 90023-1529 | | |
| mavsms_pol05 | | | | | | | | | | | | | |
| mavsms_ttn02 | | | | | | | | | | | | | |
| mavsms_ttn02 | | | | | | | | | | | | | |
| mavsms_pol04 | | | | | | | | | | | | | |
| PXTAS201 | 86316 | 1 | | | | 34.0688 | -118.305 | 300 S. Hobart Blvd. | Los Angeles | CA | 90020 | | |
| mavsms_pol04 | | | | | | | | | | | | | |
| mavsms_pol06 | | | | | | | | | | | | | |
| mavsms_ttn02 | | | | | | | | | | | | | |
| mavsms_pol06 | | | | | | | | | | | | | |
| mavsms_pol02 | | | | | | | | | | | | | |
| PXTAS201 | 80949 | 8 | | | 110 | 34.16011111 | -118.372047 | 4907 Lankershim Blvd. | Los Angeles | CA | 91601 | | |
| PXTAS201 | 87038 | 8 | | | 120 | 34.164314 | -118.377297 | 11272 MAGNOLIA BLVD | North Hollywood | CA | 91601 | | |
| PXTAS201 | 87038 | 8 | | | 120 | 34.164314 | -118.377297 | 11272 MAGNOLIA BLVD | North Hollywood | CA | 91601 | | |
| PXTAS201 | 87038 | 8 | | | 120 | 34.164314 | -118.377297 | 11272 MAGNOLIA BLVD | North Hollywood | CA | 91601 | | |
| mavsms_pol06 | | | | | | | | | | | | | |

**Information Provided By:**
T-Mobile US, Inc.
Law Enforcement Relations

4 Sylvan Way, Parsippany, New Jersey 07054
Tel: 866-537-0911; Fax: 973-292-8697

Page: 4 of 9

mavsms_ttn03

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| PXTAS201 | 87038 | 8 | | 120 | 34.164314 | -118.377297 | 11272 MAGNOLIA BLVD | North Hollywood | CA | 91601 |

mavsms_ttn01

mavsms_pol05

mavsms_ttn05

mavsms_ttn05

mavsms_ttn03

mavsms_ttn02

mavsms_ttn04

mavsms_ttn03

mavsms_ttn03

mavsms_pol02

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| PXTAS201 | 80888 | 3 | | 240 | 34.151971 | -118.367669 | 10850 RIVERSIDE DR | North Hollywood | CA | 91602 |
| PXTAS201 | 87038 | 8 | | 120 | 34.164314 | -118.377297 | 11272 MAGNOLIA BLVD | North Hollywood | CA | 91601 |
| PXTAS201 | 87038 | 1 | | | 34.164314 | -118.377297 | 11272 MAGNOLIA BLVD | North Hollywood | CA | 91601 |
| PXTAS201 | 184792 | 8 | | 120 | 34.098367 | -118.349715 | 7323 SUNSET BL | Los Angeles | CA | 90046 |

mavsms_ttn06

mavsms_ttn05

mavsms_pol04

mavsms_ttn04

mavsms_pol01

mavsms_ttn04

mavsms_ttn01

mavsms_pol04

mavsms_pol06

mavsms_pol02

mavsms_pol04

**Information Provided By:**
T-Mobile US, Inc.
Law Enforcement Relations

4 Sylvan Way, Parsippany, New Jersey 07054
Tel: 866-537-0911; Fax: 973-292-8697

Page: 5 of 9

000540

mavsms_pol02

mavsms_pol04

**Information Provided By:**
T-Mobile US, Inc.
Law Enforcement Relations

4 Sylvan Way, Parsippany, New Jersey 07054
Tel: 866-537-0911; Fax: 973-292-8697

Page: 6 of 9

000541

| Last LAC ID | Last Cell ID | Last Tower Azimuth | Last Tower LAT | Last Tower LONG | Last Tower Address | Last Tower City | Last Tower State | Last Tower Zip |
|---|---|---|---|---|---|---|---|---|

**Information Provided By:**
T-Mobile US, Inc.
Law Enforcement Relations

4 Sylvan Way, Parsippany, New Jersey 07054
Tel: 866-537-0911; Fax: 973-292-8697

Page: 7 of 9

000542

**Information Provided By:**
T-Mobile US, Inc.                              4 Sylvan Way, Parsippany, New Jersey 07054                              Page: 8 of 9
Law Enforcement Relations                        Tel: 866-537-0911; Fax: 973-292-8697

000543

**Information Provided By:**
T-Mobile US, Inc.
Law Enforcement Relations

000544

EXHIBIT 16



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### REPORT OF INVESTIGATION

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



07/30/2023 16:27 EDT

Page 1 of 2

**CASE NUMBER**
LX05HS22LX0001

**CASE OPENED**
3/19/2022

**CURRENT CASE TITLE**
Operation Karaoke

**REPORT TITLE**
Arrest of Daekun CHO and Search Warrant at 5136 Topanga Canyon Blvd., Woodland Hills, CA 91364 on March 16, 2023

**REPORTED BY**
Michael Choi
SPECIAL AGENT

**APPROVED BY**
Aaron Nakayama
HSI NATIONAL PROGRAM MANAGER

**DATE APPROVED**
3/20/2023

**SYNOPSIS**

On or about March 12, 2022, Los Angeles Police Department (LAPD) provided information that Daekun CHO (CHO) is involved with an organization that is currently extorting businesses and individuals in the Koreatown, Los Angeles area. HSI LAX will further investigate this organization.

This Report of Investigation (ROI) serves to document the federal arrest of Daekun CHO and the search warrant executed at 5136 Topanga Canyon Blvd., Woodland Hills, CA 91364 on March 16, 2023.

| Current Case Title | ROI Number | Date Approved |
|---|---|---|
| Operation Karaoke | LX05HS22LX0001-036 | 3/20/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### REPORT OF INVESTIGATION



OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

07/30/2023 16:27 EDT                                                                                    Page 2 of 2

## DETAILS OF INVESTIGATION

On or about March 12, 2022, Los Angeles Police Department (LAPD) provided information that Daekun CHO (CHO) is involved with an organization that is currently extorting businesses and individuals in the Koreatown, Los Angeles area. HSI LAX will further investigate this organization.

On March 16, 2023, at approximately 0400 hours, Homeland Security Investigations (HSI) Los Angeles International Airport (LAX), in conjunction with the Los Angeles Police Department (LAPD) and the HSI Los Angeles (LA) Special Response Team (SRT) executed a federal arrest for Daekun CHO (DOB: ████/1984) and search warrant of 5136 Topanga Canyon Blvd., Woodland Hills, CA 91364 for violations of 18 U.S.C. § 1951 (interference with commerce by threats or violence), 18 U.S.C. § 371 (conspiracy to commit extortion), 18 U.S.C § 924(c) (use of a firearm in furtherance of a crime of violence), and 18 U.S.C. § 2119 (carjacking). During the search, HSI LAX seized one 80% manufactured AR pistol, one Glock 17, and one Masterpiece Arms MPA30SST pistol along with various prohibited magazines, and bulk currency suspected of being proceeds from CHO's extortion and intimidation schemes. CHO was arrested on charges of 18 U.S.C. § 1951 (interference with commerce by threats or violence) and transported to the Los Angeles Metropolitan Detention Center for holding prior to his initial appearance in federal court.

During the initial surround and call out by SRT, CHO did not come out of the premises, so SRT initiated entry procedures. SRT observed CHO open the window from the bathroom and it appeared he was getting ready to lift himself up to jump out. SRT shouted commands for CHO to surrender himself, but CHO disappeared back into the premises. SRT then observed CHO peering through the blinds of a window on the opposite side of the premises. At approximately 0408 hours, CHO was detained. Upon making entry into the premises, SRT observed an AR pistol in the master bedroom in plain sight. The AR had a fully loaded magazine inserted with the weapon on fire.

CHO agreed to speak with Special Agent (SA) Michael Choi and SA Michael Yun without his attorney present. A separate ROI will document the interview.

THIS INVESTIGATION CONTINUES.

| Current Case Title | ROI Number | Date Approved |
|---|---|---|
| Operation Karaoke | LX05HS22LX0001-036 | 3/20/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.

EXHIBIT 17



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

07/30/2023 16:03 EDT

# Federal Search Warrant at 5136 Topanga Canyon Blvd., Woodland Hills, CA 91364 on March 16, 2023

## Incident Overview

| | |
|---|---|
| **Topic/Title** | Federal Search Warrant at 5136 Topanga Canyon Blvd., Woodland Hills, CA 91364 on March 16, 2023 |
| **Document Number** | LX05HS22LX0001-IN003 |
| **SEACATS Incident Number** | 2023SZ0046033 |
| **FP&F Case Number** | 2023272000198101 |
| **Incident Type** | SZ - SEIZURE |
| **Port Code** | 2720 - LAX INTL ARPT |
| **Conveyance Type** | |
| Type | N - NO TRANSPORTATION INVOLVED |
| **Seizure Date** | 03/16/2023 04:00 |
| **Contributing Info Indicator** | Yes |
| **SEACATS Incident ID** | 6951941 |
| **Enforcement Action ID** | 6966322 |
| **SEACATS Status Code** | 08 - Approved |
| **Occurence Date and Time** | 03/16/2023 04:00 |

## Seizure Details

| | |
|---|---|
| **Seizing Agency** | |
| Agency/Unit/Group | HSI - HSI Special Agent |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



| Seizing Participating Agency | |
|---|---|
| Agency/Unit/Group | HSI - HSI Special Agent |
| **Seizing Participating Agency** | |
| Agency/Unit/Group | STL - STATE AND/OR LOCAL LAW ENFORCEMENT |
| **Seizing Participating Agency** | |
| Agency/Unit/Group | TFO - HSI Task Force Officer |

## Violator Information

| Violator Type | INDIVIDUAL |
|---|---|
| **Suspect Name** | |
| Last | CHO |
| First | Daekun |
| **Date of Birth** | ███/1984 |
| **Gender** | |
| Gender | M - MALE |
| **Race** | A - ASIAN |
| **Hispanic Indicator** | N - NOT OF HISPANIC OR LATINO ORIGIN |
| **Citizenship** | |
| Country | KOR - Korea, Republic of |

## Seizure Line Item Statistics

| Incident Line Item Number | 1 |
|---|---|
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | OTH - General MDS/Other |
| Type | CEL - Mobile Comm Devices |
| **Value** | 0 |
| **Line Item Description** | Black Apple Iphone |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.





# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

07/30/2023 16:03 EDT                                                                                                             Page 3 of 26

| | |
|---|---|
| **Property Legal Status** | EV - Evidence - Single Status |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 2 |
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | ARM - Arms/Ammo/Explosives |
| Type | PTL - Pistol |
| **Quantity** | 1 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Pistol with barrel extension |
| **Caliber** | 9mm |
| **Manufacturer** | Masterpiece Arms |
| **Model** | Defender |
| **Serial Number** | FX34976 |
| **Property Legal Status** | EN - Evidence - Dual Status (Forfeitable) |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 3 |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT



OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

| Incident Sub-Line Item Number | 0000 |
|---|---|
| Quantity | 1 |
| Unit of Measure | EA - UNITS |
| Value | 0 |
| Line Item Description | Masterpiece Arms magazine |
| Caliber | 9mm |
| Serial Number | N/A |
| Property Legal Status | EN - Evidence - Dual Status (Forfeitable) |
| Property Physical Status | HE - Held by Customs |
| Seizure Statistic<br>    Type<br>    Date<br>    Status | <br>SZ - SEIZURE<br>March 16, 2023<br>Approved |

| Incident Line Item Number | 4 |
|---|---|
| Incident Sub-Line Item Number | 0000 |
| Line Item Type<br>    Category<br>    Type | <br>ARM - Arms/Ammo/Explosives<br>AMM - Ammunition |
| Quantity | 20 |
| Unit of Measure | EA - UNITS |
| Value | 0 |
| Line Item Description | Ammunition from masterpiece arms magazine |
| Caliber | 9mm |
| Serial Number | N/A |
| Property Legal Status | EN - Evidence - Dual Status (Forfeitable) |
| Property Physical Status | HE - Held by Customs |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



| Seizure Statistic | |
|---|---|
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 5 |
| **Incident Sub-Line Item Number** | 0000 |
| **Quantity** | 1 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Pistol Magazine |
| **Caliber** | 9mm |
| **Manufacturer** | SGM Tactical |
| **Model** | 30 round |
| **Serial Number** | N/A |
| **Property Legal Status** | EN - Evidence - Dual Status (Forfeitable) |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 6 |
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | ARM - Arms/Ammo/Explosives |
| Type | AMM - Ammunition |
| **Quantity** | 24 |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of this document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

**OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE**

| | |
|---|---|
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Ammunition from SGM Tactical 30 Round Magazine |
| **Caliber** | 9mm |
| **Serial Number** | N/A |
| **Property Legal Status** | EN - Evidence - Dual Status (Forfeitable) |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
|    Type | SZ - SEIZURE |
|    Date | March 16, 2023 |
|    Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 7 |
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
|    Category | ARM - Arms/Ammo/Explosives |
|    Type | PTL - Pistol |
| **Quantity** | 1 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Glock Pistol |
| **Caliber** | 9mm |
| **Manufacturer** | Glock |
| **Model** | 17 Gen 5 |
| **Serial Number** | BSVE192 |
| **Property Legal Status** | EN - Evidence - Dual Status (Forfeitable) |
| **Property Physical Status** | HE - Held by Customs |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

**OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE**

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



| Seizure Statistic | |
|---|---|
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| Incident Line Item Number | 8 |
|---|---|
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | CCM - Currency/Monetary |
| Type | CSH - US Cash or Currency |
| **Quantity** | 279 |
| **Unit of Measure** | PC - PIECES |
| **Value** | 20733 |
| **Line Item Description** | U.S. Currency |
| **Property Legal Status** | SZ - Seized |
| **Property Physical Status** | DP - Deposited to BCA |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |
| **Final Statistic** | |
| Type | DP - DEPOSIT CURRENCY |
| Date | March 20, 2023 |
| Status | Approved |

| Incident Line Item Number | 9 |
|---|---|
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | ARM - Arms/Ammo/Explosives |
| Type | AMM - Ammunition |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



07/30/2023 16:03 EDT

| | |
|---|---|
| **Quantity** | 353 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Bulk Ammunition |
| **Caliber** | 9mm |
| **Manufacturer** | Various |
| **Serial Number** | N/A |
| **Property Legal Status** | EN - Evidence - Dual Status (Forfeitable) |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 10 |
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | OTH - General MDS/Other |
| Type | ZZZ - Other |
| **Quantity** | 2 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Knives |
| **Property Legal Status** | EV - Evidence - Single Status |
| **Property Physical Status** | HE - Held by Customs |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



| Seizure Statistic | |
| --- | --- |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
| --- | --- |
| **Incident Line Item Number** | 11 |
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | OTH - General MDS/Other |
| Type | ZZZ - Other |
| **Quantity** | 1 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Pink Baseball Bat |
| **Property Legal Status** | EV - Evidence - Single Status |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
| --- | --- |
| **Incident Line Item Number** | 12 |
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | ARM - Arms/Ammo/Explosives |
| Type | AMM - Ammunition |
| **Quantity** | 20 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
| --- | --- | --- | --- |
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



07/30/2023 16:03 EDT

| Line Item Description | Bulk Ammunition |
|---|---|
| Caliber | .223 |
| Manufacturer | Various |
| Serial Number | N/A |
| Property Legal Status | EN - Evidence - Dual Status (Forfeitable) |
| Property Physical Status | HE - Held by Customs |
| Seizure Statistic | |
|    Type | SZ - SEIZURE |
|    Date | March 16, 2023 |
|    Status | Approved |

| Incident Line Item Number | 13 |
|---|---|
| Incident Sub-Line Item Number | 0000 |
| Quantity | 1 |
| Unit of Measure | EA - UNITS |
| Value | 0 |
| Line Item Description | Glock magazine |
| Caliber | 9mm |
| Serial Number | N/A |
| Property Legal Status | EN - Evidence - Dual Status (Forfeitable) |
| Property Physical Status | HE - Held by Customs |
| Seizure Statistic | |
|    Type | SZ - SEIZURE |
|    Date | March 16, 2023 |
|    Status | Approved |

| Incident Line Item Number | 14 |
|---|---|

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of this document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



07/30/2023 16:03 EDT

| Incident Sub-Line Item Number | 0000 |
|---|---|
| **Line Item Type** | |
| Category | ARM - Arms/Ammo/Explosives |
| Type | AMM - Ammunition |
| **Quantity** | 14 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Ammunition from Glock magazine |
| **Caliber** | 9mm |
| **Serial Number** | N/A |
| **Property Legal Status** | EN - Evidence - Dual Status (Forfeitable) |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| Incident Line Item Number | 15 |
|---|---|
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | OTH - General MDS/Other |
| Type | ZZZ - Other |
| **Quantity** | 1 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Bulk Ammunition container |
| **Property Legal Status** | EV - Evidence - Single Status |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT



OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

---

07/30/2023 16:03 EDT                                                                                      Page 12 of 26

| Property Physical Status | HE - Held by Customs |
|---|---|
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| Incident Line Item Number | 16 |
|---|---|
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | ARM - Arms/Ammo/Explosives |
| Type | AMM - Ammunition |
| **Quantity** | 244 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Bulk Ammunition |
| **Caliber** | .357 magnum |
| **Serial Number** | N/A |
| **Property Legal Status** | EN - Evidence - Dual Status (Forfeitable) |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| Incident Line Item Number | 17 |
|---|---|
| **Incident Sub-Line Item Number** | 0000 |
| **Quantity** | 1 |
| **Unit of Measure** | EA - UNITS |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.





# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

07/30/2023 16:03 EDT                                                              Page 13 of 26

| | |
|---|---|
| **Value** | 0 |
| **Line Item Description** | Pistol Drum Magazine |
| **Caliber** | 9mm |
| **Model** | 50 round drum |
| **Serial Number** | N/A |
| **Property Legal Status** | EN - Evidence - Dual Status (Forfeitable) |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
|    Type | SZ - SEIZURE |
|    Date | March 16, 2023 |
|    Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 18 |
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
|    Category | ARM - Arms/Ammo/Explosives |
|    Type | RFL - Rifle |
| **Quantity** | 1 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Completed 80% lower receiver AR style pistol |
| **Caliber** | 556 |
| **Manufacturer** | None |
| **Serial Number** | N/A |
| **Property Legal Status** | EN - Evidence - Dual Status (Forfeitable) |
| **Property Physical Status** | HE - Held by Customs |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



| Seizure Statistic | |
|---|---|
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 19 |
| **Incident Sub-Line Item Number** | 0000 |
| **Quantity** | 1 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Colt AR style magazine |
| **Serial Number** | N/A |
| **Property Legal Status** | EN - Evidence - Dual Status (Forfeitable) |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 20 |
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | ARM - Arms/Ammo/Explosives |
| Type | AMM - Ammunition |
| **Quantity** | 20 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Ammunition from Colt AR style magazine |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

| | |
|---|---|
| **Caliber** | 5.56mm |
| **Serial Number** | N/A |
| **Property Legal Status** | EN - Evidence - Dual Status (Forfeitable) |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 21 |
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | ADP - Computer |
| Type | LAP - Laptop |
| **Value** | 0 |
| **Line Item Description** | Alienware Laptop |
| **Model** | P109F |
| **Property Legal Status** | EV - Evidence - Single Status |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 22 |
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | ADP - Computer |
| Type | MED - Computer Storage Media |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of this document.




# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

07/30/2023 16:03 EDT                                                                                                   Page 16 of 26

| | |
|---|---|
| **Quantity** | 1 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Team Group 256 GB Micro SD Card, S/N: GKXF014SM05 |
| **Serial Number** | GKXF014SM05 |
| **Property Legal Status** | EV - Evidence - Single Status |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 23 |
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | OTH - General MDS/Other |
| Type | ZZZ - Other |
| **Quantity** | 1 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Black Notebook |
| **Property Legal Status** | EV - Evidence - Single Status |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| **Case Number** | **Case Title** | **EAGLE Event Number** | **Date Approved** |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT



OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

07/30/2023 16:03 EDT

| | |
|---|---|
| **Incident Line Item Number** | 24 |
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | ADP - Computer |
| Type | MED - Computer Storage Media |
| **Value** | 0 |
| **Line Item Description** | Silver Cutie Pocket Hard Disk Drive |
| **Model** | FHD-254 |
| **Property Legal Status** | EV - Evidence - Single Status |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 25 |
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | OTH - General MDS/Other |
| Type | ZZZ - Other |
| **Quantity** | 1 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Black baseball bat |
| **Property Legal Status** | EV - Evidence - Single Status |
| **Property Physical Status** | HE - Held by Customs |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



07/30/2023 16:03 EDT

| Seizure Statistic | |
|---|---|
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| Incident Line Item Number | 26 |
|---|---|
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | OTH - General MDS/Other |
| Type | ZZZ - Other |
| **Quantity** | 1 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Miscellaneous DMV Documents |
| **Property Legal Status** | EV - Evidence - Single Status |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| Incident Line Item Number | 27 |
|---|---|
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | OTH - General MDS/Other |
| Type | ZZZ - Other |
| **Quantity** | 2 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



07/30/2023 16:03 EDT                                                              Page 19 of 26

| Line Item Description | Skull masks |
|---|---|
| Property Legal Status | EV - Evidence - Single Status |
| Property Physical Status | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| Incident Line Item Number | 28 |
|---|---|
| Incident Sub-Line Item Number | 0000 |
| **Line Item Type** | |
| Category | OTH - General MDS/Other |
| Type | ZZZ - Other |
| Quantity | 1 |
| Unit of Measure | EA - UNITS |
| Value | 0 |
| Line Item Description | Skull mask |
| Property Legal Status | EV - Evidence - Single Status |
| Property Physical Status | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| Incident Line Item Number | 29 |
|---|---|
| Incident Sub-Line Item Number | 0000 |
| **Line Item Type** | |
| Category | OTH - General MDS/Other |
| Type | ZZZ - Other |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



---

07/30/2023 16:03 EDT

| Quantity | 2 |
|---|---|
| Unit of Measure | EA - UNITS |
| Value | 0 |
| Line Item Description | State of California Documents |
| Property Legal Status | EV - Evidence - Single Status |
| Property Physical Status | HE - Held by Customs |
| Seizure Statistic | |
|    Type | SZ - SEIZURE |
|    Date | March 16, 2023 |
|    Status | Approved |

| Incident Line Item Number | 30 |
|---|---|
| Incident Sub-Line Item Number | 0000 |
| Line Item Type | |
|    Category | OTH - General MDS/Other |
|    Type | ZZZ - Other |
| Quantity | 2 |
| Unit of Measure | EA - UNITS |
| Value | 0 |
| Line Item Description | Forest Lawn Documents |
| Property Legal Status | EV - Evidence - Single Status |
| Property Physical Status | HE - Held by Customs |
| Seizure Statistic | |
|    Type | SZ - SEIZURE |
|    Date | March 16, 2023 |
|    Status | Approved |

| Incident Line Item Number | 31 |
|---|---|

---

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT



OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

---

07/30/2023 16:03 EDT                                                                 Page 21 of 26

| | |
|---|---|
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | OTH - General MDS/Other |
| Type | OTD - Other Travel Document |
| **Value** | 0 |
| **Line Item Description** | Permanent Resident Card: CHO, Daekun |
| **Property Legal Status** | EV - Evidence - Single Status |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 32 |
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | OTH - General MDS/Other |
| Type | OTD - Other Travel Document |
| **Value** | 0 |
| **Line Item Description** | Employment Authorization Card: CHO, Daekun |
| **Property Legal Status** | EV - Evidence - Single Status |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 33 |
| **Incident Sub-Line Item Number** | 0000 |

---

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



07/30/2023 16:03 EDT

| | |
|---|---|
| **Value** | 0 |
| **Line Item Description** | Social Security Card: CHO, Daekun |
| **Property Legal Status** | EV - Evidence - Single Status |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
|    Type | SZ - SEIZURE |
|    Date | March 16, 2023 |
|    Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 34 |
| **Incident Sub-Line Item Number** | 0000 |
| **Value** | 0 |
| **Line Item Description** | Federal Aviation Administration Card: CHO, Daekun |
| **Property Legal Status** | EV - Evidence - Single Status |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
|    Type | SZ - SEIZURE |
|    Date | March 16, 2023 |
|    Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 35 |
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
|    Category | OTH - General MDS/Other |
|    Type | ZZZ - Other |
| **Value** | 0 |
| **Line Item Description** | Pictures with note |
| **Property Legal Status** | EV - Evidence - Single Status |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.




# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

07/30/2023 16:03 EDT

| | |
|---|---|
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 36 |
| **Incident Sub-Line Item Number** | 0000 |
| **Value** | 0 |
| **Line Item Description** | Korean Travel Documents |
| **Property Legal Status** | EV - Evidence - Single Status |
| **Property Physical Status** | HE - Held by Customs |
| **Seizure Statistic** | |
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

| | |
|---|---|
| **Incident Line Item Number** | 37 |
| **Incident Sub-Line Item Number** | 0000 |
| **Line Item Type** | |
| Category | OTH - General MDS/Other |
| Type | CEL - Mobile Comm Devices |
| **Quantity** | 1 |
| **Unit of Measure** | EA - UNITS |
| **Value** | 0 |
| **Line Item Description** | Black Motorola Cellphone, IMEI: 357690700441055; with black case |
| **Property Legal Status** | EV - Evidence - Single Status |
| **Property Physical Status** | HE - Held by Customs |

| **Case Number** | **Case Title** | **EAGLE Event Number** | **Date Approved** |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



| Seizure Statistic | |
|---|---|
| Type | SZ - SEIZURE |
| Date | March 16, 2023 |
| Status | Approved |

## Routing Information

| | |
|---|---|
| **Supervisor** | Aaron Nakayama |
| **Automatic Distribution Office** | LA - Los Angeles, CA |
| **Automatic Distribution Office** | LX - Los Angeles International Airport, CA |
| **Program Code** | 111 - COMPUTER FORENSICS |
| **Program Code** | 208 - MONEY LAUNDERING CONTROL ACT, TITLE 18 |
| **Program Code** | 21U - ASSAULTS |
| **Program Code** | 2BP - BANKSCAN |
| **Program Code** | B7U - TECHNICAL SURVEILLANCE |
| **Program Code** | SCR - National SCR Program Code |
| **Program Code** | SJO - SLOT Joint Ops |
| **Program Code** | YL0 - DRUG SMUGGLING |
| **Program Code** | YS0 - GANGS |
| **Document Notification Level** | 1 - TO RECORD OWNER |

## Restrict Visibility

| | |
|---|---|
| **Groups Visible To** | Restricted |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



07/30/2023 16:03 EDT

Page 25 of 26

## Narrative

On March 16, 2023, at approximately 0400 hours, a Federal Search Warrant was executed at 5136 Topanga Canyon Blvd., Woodland Hills, CA 91364. Pursuant to the search warrant, multiple weapons, ammunition, U.S. Currency, miscellaneous documents, and miscellaneous travel documents were seized and transported to HSI Los Angeles International Airport (LAX) for processing.

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.



# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### INCIDENT REPORT

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

07/30/2023 16:03 EDT

# Metadata

| | |
|---|---|
| **Document Number** | LX05HS22LX0001-IN003 |
| **Document Status** | Approved |
| **Opened** | 3/16/2023 |
| **Last Updated** | 3/28/2023 |
| **Author** | Karen Gaspar<br>1038 - SPECIAL AGENT |
| **Owner(s)** | Michael Choi<br>1038 - SPECIAL AGENT<br>213▮▮▮▮▮ |
| **Supervisor** | Aaron Nakayama<br>1043 - SUPERVISORY SPECIAL AGENT<br>805▮▮▮▮▮ |
| **Approved** | Aaron Nakayama<br>1018 - HSI NATIONAL PROGRAM MANAGER<br>Supervisor Approval<br>3/16/2023 |

# Case Metadata

| | |
|---|---|
| **Case Title** | Operation Karaoke |
| **Case Number** | LX05HS22LX0001 |
| **Case Opened** | 3/19/2022 |
| **Case Last Updated** | 4/26/2023 |
| **Approved** | Aaron Nakayama<br>1018 - HSI NATIONAL PROGRAM MANAGER<br>3/19/2022 |

| Case Number | Case Title | EAGLE Event Number | Date Approved |
|---|---|---|---|
| LX05HS22LX0001 | Operation Karaoke | Not Specified | 3/16/2023 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.

# EXHIBIT 18

# DOCUMENT UNDER SEAL

# EXHIBIT 19

# DOCUMENT UNDER SEAL

# EXHIBIT 20

# DOCUMENT UNDER SEAL

# EXHIBIT 21

# DOCUMENT UNDER SEAL

EXHIBIT 22

**LOS ANGELES COUNTY** Page 1
**CONSOLIDATED CRIMINAL HISTORY REPORTING SYSTEM**          Date: 08/31/2022       Time: 10:25

CRIMINAL HISTORY TRANSCRIPT FOR OFFICE USE ONLY - UNAUTHORIZED USE IS A CRIMINAL OFFENSE
*INFORMATION FINGERPRINT VERIFIED UNLESS OTHERWISE NOTED BY AN ASTERISK(\*)*

*Do not use for employment, licensing, or certification purposes. CCHRS information must be
confirmed and/or verified with the originating agency prior to taking any law enforcement action.*

| | | | |
|---|---|---|---|
| **Key Name:**(1) CHO, DAEKUN | | **Date Name First Used:** 12/08/2010 | |
| **SID/CII:** ███████ | **MAIN:** ███████ | **FBI:** ███████ | **ARN:** ███████ |

| | |
|---|---|
| **Requested By:** W53900 WALKER, TOSHI | **ACHS Data Included:** YES |
| **Agency:** CAINSLAS0 (HSI) HOMELAND SECURITY INVESTIGATIONS (ICE) | **Multi-Source Record:** NO |
| **Reason:** INVESTIGATION | |
| **Search Criteria:** Search Type:Other ID; Specific Record:DLRecord ID:███████ | |



***DEPT. OF JUSTICE AND DMV MAY HAVE ADDITIONAL INFORMATION***

## SUMMARY

| **Bookings** | | **Convictions** | | **Juvenile** | | **Warrants** | | **Probations** | | **ICE** | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Felony: | 5 | Felony: | 0 | Sustained: | 0 | Bench: | 1 | Open: | 0 | Deport: | 0 |
| Misd: | 0 | Misd: | 0 | Dismissed: | 0 | Arrest: | 3 | Expired: | 0 | Removal: | 0 |
| | | | | | | Infract.(FTA) | 0 | | | Illegal Entry: | 0 |

## LATEST INFORMATION

**Latest Name:**   CHO, DAEKUN                         **Date Name Last Used:** 05/18/2021

| **Sex** | **Race** | **Hair** | **Eyes** | **Hgt** | **Wgt** | **DOB** | **Updated** |
|---|---|---|---|---|---|---|---|
| Male | OTHER | BLACK | BROWN | 600 | 180 | ███/1984 | 12/12/2020 |

**Latest Address:** ███████ LOS ANGELES CA 90019                   05/18/2021

| **Type** | **Start Date** | **End Date** | **Charge/Description** | **Case Number** | **Updated** |
|---|---|---|---|---|---|

| **Registration** | **Reg Number** | **Location** | **Reg Date** |
|---|---|---|---|
| DNA/DOTS COLLECTED | 31677070 | | 12/09/2010 |
| DNA TYPED &amp; UPLOADED | A31677070DNA | | 01/01/0001 |
| PALM PRINT ON FILE | A31677070PLM | | 01/01/0001 |

Â© Copyright 1996, County of Los Angeles
All Rights Reserved

**LOS ANGELES COUNTY**
**CONSOLIDATED CRIMINAL HISTORY REPORTING SYSTEM**                Date: 08/31/2022        Time: 10:25

CRIMINAL HISTORY TRANSCRIPT FOR OFFICE USE ONLY - UNAUTHORIZED USE IS A CRIMINAL OFFENSE
*INFORMATION FINGERPRINT VERIFIED UNLESS OTHERWISE NOTED BY AN ASTERISK(*)*

*Do not use for employment, licensing, or certification purposes. CCHRS information must be*
*confirmed and/or verified with the originating agency prior to taking any law enforcement action.*

| | | | |
|---|---|---|---|
| **Key Name:**(1) CHO, DAEKUN | | **Date Name First Used:** 12/08/2010 | |
| **SID/CII:** ▮ | **MAIN:** ▮ | **FBI:** ▮ | **ARN:** ▮ |

## DESCRIPTORS

### #/Names/AKAs/Count

| | | | |
|---|---|---|---|
| (1) CHO, DAEKUN | 9 | (2) CHO, DAE KUN | 1 |
| (3) CHO, DAE KUN | 2 | | |

### Dates of Birth/Count

▮/1984   6

### Scars/Marks/Tattoos

TAT L ARM

### Other Identifiers

DL ▮ CA       AR ▮       FBI ▮       SSN ▮

### Address/Count

▮

### Birth Place/Count

| | | | | |
|---|---|---|---|---|
| XXXSEOUL | 1 | CALA | 1 | KO | 1 | XKOXSOUTHK |
| XKOSEOUL | 1 | | | | | |

### Moniker/Count

### Gang Membership/Count

## JUVENILE SUSTAINED PETITIONS

No Juvenile Information

Â© Copyright 1996, County of Los Angeles
All Rights Reserved

**LOS ANGELES COUNTY**
**CONSOLIDATED CRIMINAL HISTORY REPORTING SYSTEM**                    Date: 08/31/2022          Time: 10:25

CRIMINAL HISTORY TRANSCRIPT FOR OFFICE USE ONLY - UNAUTHORIZED USE IS A CRIMINAL OFFENSE
*INFORMATION FINGERPRINT VERIFIED UNLESS OTHERWISE NOTED BY AN ASTERISK(\*)*

*Do not use for employment, licensing, or certification purposes. CCHRS information must be*
*confirmed and/or verified with the originating agency prior to taking any law enforcement action.*

| | | | |
|---|---|---|---|
| **Key Name:** (1) CHO, DAEKUN | | **Date Name First Used:** 12/08/2010 | |
| **SID/CII:** ▆▆▆▆ | **MAIN:** ▆▆▆▆ | **FBI:** ▆▆▆▆ | **ARN:** ▆▆▆▆ |

## CONVICTIONS/ACTIVE DIVERSIONS

| **Arr Date** | **Name** | **Arresting Agency** | **Booking Number** |
|---|---|---|---|
| 12/12/2020 | 1 | LAPD - OLYMPIC | 006068311 |

| **Sex** | **Race** | **Hair** | **Eyes** | **Height** | **Weight** | **DOB** |
|---|---|---|---|---|---|---|
| M | OTHER | BLACK | BROWN | 600 | 180 | ▆▆/1984 |

| **Cnt** | **Arrest Charges** | **Dispo Date** | **Result** |
|---|---|---|---|
| 1 | PC 25850(A) | 03/29/2021 | Referred to C.A. for Misdemeanor Cons |
| | CARRY LOADED FIREARM | | WARRANT # LAC9999999999 |

| **File Date** | **Name** | **CaseNumber/County** | **Last Dept/Div** | **Warrants Issued** |
|---|---|---|---|---|
| 05/18/2021 | 1 | LAC1CJ0511401/LOS ANGELES | 52 | 2 |

| **Cnt** | **Filed Charges** | **Dispo Date** | **Dispo** | **Sentence/Probation Type** |
|---|---|---|---|---|
| 01 | PC 25850(A) | 11/17/2021 | Diversion | |
| | CARRYING LOADED FIREARM | | | DIVERSN 18 MONTH(S) |
| 02 | PC 27545 | 11/17/2021 | Diversion | |
| | FIREARM SALES/ETC VIOL | | | DIVERSN 18 MONTH(S) |
| 03 | PC 664/135 | 11/17/2021 | Diversion | |
| | ATTEMPT DESTROY EVIDENCE | | | DIVERSN 18 MONTH(S) |
| 04 | PC 25850(A) | 11/17/2021 | Diversion | |
| | CARRYING LOADED FIREARM | | | DIVERSN 18 MONTH(S) |

Â© Copyright 1996, County of Los Angeles
All Rights Reserved

**LOS ANGELES COUNTY**                                                        Page 4
**CONSOLIDATED CRIMINAL HISTORY REPORTING SYSTEM**          Date: 08/31/2022          Time: 10:25

CRIMINAL HISTORY TRANSCRIPT FOR OFFICE USE ONLY - UNAUTHORIZED USE IS A CRIMINAL OFFENSE
*INFORMATION FINGERPRINT VERIFIED UNLESS OTHERWISE NOTED BY AN ASTERISK(*)*

*Do not use for employment, licensing, or certification purposes. CCHRS information must be*
*confirmed and/or verified with the originating agency prior to taking any law enforcement action.*

**Key Name:**(1) CHO, DAEKUN                          **Date Name First Used:** 12/08/2010
**SID/CII:**▮▮▮▮          **MAIN:**▮▮▮▮          **FBI:**▮▮▮▮          **ARN:**▮▮▮▮

## PENDING CASES

| **Arr Date** | **Name** | **Arresting Agency** | | | **Booking Number** |
|---|---|---|---|---|---|
| 12/22/2010 | 1 | LAPD - OLYMPIC | | | 002585385 |

| | **Sex** | **Race** | **Hair** | **Eyes** | **Height** | **Weight** | **DOB** |
|---|---|---|---|---|---|---|---|
| | M | OTHER | BLACK | BROWN | 600 | 185 | ▮▮/1984 |

| **Cnt** | **Arrest Charges** | **Dispo Date** | **Result** |
|---|---|---|---|
| 1 | HS 11352(A) | UNKNOWN | UNKNOWN |
| | TRANS/SELL/ETC CONT SUBS | | |

| **File Date** | **Name** | **CaseNumber/County** | **Last Dept/Div** | **Warrants Issued** |
|---|---|---|---|---|
| 05/16/2011 | 1 | XCNBA37937801/LOS ANGELES | 127 | NONE |

| **Cnt** | **Filed Charges** | **Dispo Date** | **Dispo** | **Sentence/Probation Type** |
|---|---|---|---|---|
| 01 | HS 11350(A) | 12/06/2011 | Case Consolidated | |
| | POSSESS NARC CONT SUBS | | | |

---

| **Arr Date** | **Name** | **Arresting Agency** | | | **Booking Number** |
|---|---|---|---|---|---|
| 12/08/2010 | 1 | LAPD - OLYMPIC | | | 002571717 |

| | **Sex** | **Race** | **Hair** | **Eyes** | **Height** | **Weight** | **DOB** |
|---|---|---|---|---|---|---|---|
| | M | OTHER | BLACK | BROWN | 601 | 180 | ▮▮/1984 |

| **Cnt** | **Arrest Charges** | **Dispo Date** | **Result** |
|---|---|---|---|
| 1 | HS 11352(A) | UNKNOWN | UNKNOWN |
| | TRANS/SELL/ETC CONT SUBS | | |

| **File Date** | **Name** | **CaseNumber/County** | **Last Dept/Div** | **Warrants Issued** |
|---|---|---|---|---|
| 05/16/2011 | 1 | XCNBA37897301/LOS ANGELES | CLK | 1 |

Â© Copyright 1996, County of Los Angeles
All Rights Reserved

**LOS ANGELES COUNTY**                                                                 Page 5
**CONSOLIDATED CRIMINAL HISTORY REPORTING SYSTEM**                    Date: 08/31/2022          Time: 10:25

CRIMINAL HISTORY TRANSCRIPT FOR OFFICE USE ONLY - UNAUTHORIZED USE IS A CRIMINAL OFFENSE
***INFORMATION FINGERPRINT VERIFIED UNLESS OTHERWISE NOTED BY AN ASTERISK(*)***

*Do not use for employment, licensing, or certification purposes. CCHRS information must be*
*confirmed and/or verified with the originating agency prior to taking any law enforcement action.*

---

**Key Name:**(1) CHO, DAEKUN                                    **Date Name First Used:** 12/08/2010
**SID/CII:** ▆▆▆▆▆       **MAIN:** ▆▆▆▆▆        **FBI:** ▆▆▆▆▆        **ARN:** ▆▆▆▆▆

| **Cnt** | **Filed Charges** | **Dispo Date** | **Dispo** | **Sentence/Probation Type** |
|---|---|---|---|---|
| 01 | HS 11352(A) | 12/13/2011 | Dismissal in furth of justice per 1385 PC | |
| | TRANS/SELL/ETC CONT SUBS | | | |
| 02 | HS 11351 | 12/13/2011 | Dismissal in furth of justice per 1385 PC | |
| | POSS CONT SUBS FOR SALE | | | |
| 03 | HS 11352(A) | 12/13/2011 | Dismissal in furth of justice per 1385 PC | |
| | TRANS/SELL/ETC CONT SUBS | | | |
| 04 | HS 11351 | 12/13/2011 | Dismissal in furth of justice per 1385 PC | |
| | POSS CONT SUBS FOR SALE | | | |
| 05 | HS 11379(A) | 12/13/2011 | Dismissal in furth of justice per 1385 PC | |
| | CONT SUBS - TRANSP/SELL | | | |
| 06 | HS 11378 | 12/13/2011 | Dismissal in furth of justice per 1385 PC | |
| | CONT SUBS - POSS FOR SALE | | | |
| 07 | HS 11360(A) | 12/13/2011 | Dismissal in furth of justice per 1385 PC | |
| | TRANSPORT/SELL MARIJUANA | | | |
| 08 | HS 11359 | 12/13/2011 | Dismissal in furth of justice per 1385 PC | |
| | POSS MARIJUANA FOR SALE | | | |
| 09 | HS 11350(A) | 03/21/2013 | Deferred Judgement Reinstated &amp; Terminated | |
| | POSSESS NARC CONT SUBS | 04/29/2019 | | DIVERSN 18 MONTH(S) |
| | | | | DIVERSN 18 MONTH(S) |

Â© Copyright 1996, County of Los Angeles
All Rights Reserved

**LOS ANGELES COUNTY**                                                      Page 6
**CONSOLIDATED CRIMINAL HISTORY REPORTING SYSTEM**          Date: 08/31/2022         Time: 10:25

CRIMINAL HISTORY TRANSCRIPT FOR OFFICE USE ONLY - UNAUTHORIZED USE IS A CRIMINAL OFFENSE
*INFORMATION FINGERPRINT VERIFIED UNLESS OTHERWISE NOTED BY AN ASTERISK(*)*

*Do not use for employment, licensing, or certification purposes. CCHRS information must be*
*confirmed and/or verified with the originating agency prior to taking any law enforcement action.*

**Key Name:**(1) CHO, DAEKUN                         **Date Name First Used:** 12/08/2010
**SID/CII:** ▉▉▉▉        **MAIN:** ▉▉▉▉        **FBI:** ▉▉▉▉        **ARN:** ▉▉▉▉

## ARRESTS/CASES NOT REPORTED ABOVE

| _Arr Date_ | _Name_ | _Arresting Agency_ | | | | _Booking Number_ |
|---|---|---|---|---|---|---|

| | _Sex_ | _Race_ | _Hair_ | _Eyes_ | _Height_ | _Weight_ | _DOB_ |
|---|---|---|---|---|---|---|---|
| | M | OTHER | BLACK | BROWN | 601 | 185 | ▉/1984 |

| _File Date_ | _Name_ | _CaseNumber/County_ | _Last Dept/Div_ | _Warrants Issued_ |
|---|---|---|---|---|
| 02/10/2016 | 2 | XCNBA43835301/LOS ANGELES | BND | 1 |

| _Cnt_ | _Filed Charges_ | _Dispo Date_ | _Dispo_ | _Sentence/Probation Type_ |
|---|---|---|---|---|
| 01 | PC 245(A)(2) | 06/09/2016 | Delay - Action not brought to court in time | |
| | ADW - W/FIREARM | | | |

| _Arr Date_ | _Name_ | _Arresting Agency_ | | | | _Booking Number_ |
|---|---|---|---|---|---|---|
| 12/03/2015 | 3 | LAPD - OLYMPIC | | | | 004515625 |

| | _Sex_ | _Race_ | _Hair_ | _Eyes_ | _Height_ | _Weight_ | _DOB_ |
|---|---|---|---|---|---|---|---|
| | M | OTHER | BLACK | BROWN | 601 | 180 | ▉/1984 |

| _Cnt_ | _Arrest Charges_ | _Dispo Date_ | _Result_ |
|---|---|---|---|
| 1 | PC 245(A)(1) | UNKNOWN | UNKNOWN |
| | ADW - NOT FIREARM | | WARRANT # BA43835301 |

**(CASE FILING INFORMATION NOT MATCHED IN L.A. COUNTY)**

| _Arr Date_ | _Name_ | _Arresting Agency_ | | | | _Booking Number_ |
|---|---|---|---|---|---|---|
| 02/23/2013 | 1 | LAPD - WILSHIRE AREA | | | | 003471522 |

| | _Sex_ | _Race_ | _Hair_ | _Eyes_ | _Height_ | _Weight_ | _DOB_ |
|---|---|---|---|---|---|---|---|
| | M | CHINESE | BLACK | BROWN | 600 | 180 | ▉/1984 |

| _Cnt_ | _Arrest Charges_ | _Dispo Date_ | _Result_ |
|---|---|---|---|
| 1 | | UNKNOWN | UNKNOWN |
| | LAMC | | |
| 2 | HS 11350(A) | UNKNOWN | UNKNOWN |
| | POSSESS NARC CONT SUBS | | WARRANT # BA37897301 |

| _File Date_ | _Name_ | _CaseNumber/County_ | _Last Dept/Div_ | _Warrants Issued_ |
|---|---|---|---|---|
| 03/11/2013 | 1 | LAA3CA0068901/LOS ANGELES | | NONE |

Â© Copyright 1996, County of Los Angeles
All Rights Reserved

**LOS ANGELES COUNTY**
**CONSOLIDATED CRIMINAL HISTORY REPORTING SYSTEM**                     Date: 08/31/2022          Time: 10:25

CRIMINAL HISTORY TRANSCRIPT FOR OFFICE USE ONLY - UNAUTHORIZED USE IS A CRIMINAL OFFENSE
*INFORMATION FINGERPRINT VERIFIED UNLESS OTHERWISE NOTED BY AN ASTERISK(*)*

*Do not use for employment, licensing, or certification purposes. CCHRS information must be*
*confirmed and/or verified with the originating agency prior to taking any law enforcement action.*

---

**Key Name:**(1) CHO, DAEKUN                                    **Date Name First Used:** 12/08/2010
**SID/CII:**                **MAIN:**                **FBI:**                **ARN:**

| **Cnt** | **Filed Charges** | **Dispo Date** | **Dispo** | **Sentence/Probation Type** |
|---|---|---|---|---|
| 02 | | 03/20/2013 | Dismissed Due to Plea Negotiation | |
| | LA71.03(D) | | | |

---

**END OF TRANSCRIPT**

Â© Copyright 1996, County of Los Angeles
All Rights Reserved

EXHIBIT 23



EXHIBIT 24

