E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JENA A. MACCABE (Cal. Bar No. 316637)
KEVIN J. BUTLER (Cal. Bar No. 329129)
Assistant United States Attorneys
Violent and Organized Crime Section
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-5046/6495
Facsimile: (213) 894-0141
E-mail: jena.maccabe@usdoj.gov
kevin.butler2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAEKUN CHO,<br>aka “DK,”<br>Defendant. | No. CR 23-149-FLA<br>JOINT PROPOSED JURY INSTRUCTIONS<br>Trial Date: March 19, 2024<br>Trial Time: 8:30 a.m.<br>Location: Courtroom of the Hon. Fernando L. Aenlle-Rocha |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jena A. MacCabe and Kevin J. Butler, and defendant DAEKUN CHO, also known as “DK,” by and through his counsel of record Mark Werksman and Karen Sosa, hereby submit their Joint Proposed Jury Instructions in the above-captioned case. The parties respectfully reserve the right to supplement these jury instructions as needed.

Unless otherwise noted, the parties have used the most recent version (as of February 23, 2024) of the Jury Instructions found on

the Ninth Circuit's website at: https://www.ce9.uscourts.gov/jury-instructions/model-criminal.

Dated: February 23, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

/s/
JENA A. MACCABE
KEVIN J. BUTLER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: February 23, 2024

/s/ (w/ auth.)
MARK WERKSMAN
KAREN SOSA
Attorneys for Defendant
DAEKUN CHO, aka "DK"

**INDEX OF AGREED-UPON JOINT PROPOSED JURY INSTRUCTIONS**


| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| **Preliminary Instructions** | | | | |
| 1 | | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.1 (2022 ed.) | 2 |
| 2 | | The Charge -- Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No. 1.2 (2022 ed.) | 3 |
| 3 | | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.) | 4 |
| 4 | | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.) | 5 |
| 5 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.) | 6 |
| 6 | | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.) | 7 |
| 7 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.) | 8 |
| 8 | | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.) | 10 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 9 | | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.) | 13 |
| 10 | | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.) | 14 |
| 11 | | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.) | 15 |
| 12 | | Jury to Be Guided by English Translation/ Interpretation | Ninth Circuit Model Criminal Jury Instructions, No. 1.12 (2022 ed.) | 16 |
| 13 | | Bench Conferences And Recesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.) | 17 |
| **Instructions in the Course of Trial** | | | | |
| 14 | | Cautionary Instruction | Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) | 19 |
| 15 | | Stipulations of Fact | Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2022 ed.) | 21 |
| 16 | | Transcript of Recording in English | Ninth Circuit Model Criminal Jury Instructions, No. 2.6 (2022 ed.) | 22 |
| 17 | | Transcript of Recording in Foreign Language | Ninth Circuit Model Criminal Jury Instructions, No. 2.7 (2022 ed.) | 23 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 18 | | Disputed Transcript of Recording in Foreign Language | Ninth Circuit Model Criminal Jury Instructions, No. 2.8 (2022 ed.) | 24 |
| 19 | | Foreign Language Testimony | Ninth Circuit Model Criminal Jury Instructions, No. 2.9 (2022 ed.) | 25 |
| **Instructions at End of Case** | | | | |
| 20 | | Duties of the Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.) | 27 |
| 21 | | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.) | 29 |
| 22 | | Other Crimes, Wrongs or Acts of Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 3.3 (2022 ed.) | 30 |
| 23 | | Impeachment Evidence -- Witness | Ninth Circuit Model Criminal Jury Instructions, No. 3.8 (2022 ed.) | 31 |
| 24 | | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (2022 ed.) | 32 |
| 25 | | Charts and Summaries Not Admitted Into Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.16 (2022 ed.) | 33 |
| 26 | | Charts and Summaries Admitted Into Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.17 (2022 ed.) | 34 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 27 | | Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) | 35 |
| 28 | | Defendant's Decision Not to Testify/to Testify | Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) | 36 |
| 29 | | Reasonable Doubt -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) | 37 |
| 30 | | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.) | 38 |
| 31 | | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) | 39 |
| 32 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) | 40 |
| 33 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) | 41 |
| 34 | | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) | 42 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 35 | | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.) | 43 |
| 36 | | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.) | 44 |
| 37 | | Separate Consideration of Multiple Counts -- Single Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 6.11 (2022 ed.) | 45 |
| 38 | | On or About -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.) | 46 |
| 39 | | Aiding and Abetting (18 U.S.C. § 2(a)) | Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2022 ed.) | 47 |
| 40 | | Aiding and Abetting (18 U.S.C. § 2(b)) | Ninth Circuit Model Criminal Jury Instructions, No. 4.2 (2022 ed.) | 49 |
| 41 | | Knowingly | Ninth Circuit Model Criminal Jury Instructions, No. 4.8 (2022 ed.) | 50 |
| 42 | | Hobbs Act—Extortion by Force | Ninth Circuit Model Criminal Jury Instructions, No. 9.5 (2022 ed.) | 51 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 43 | | Hobbs Act—Attempted Extortion by Force | Ninth Circuit Model Criminal Jury Instructions, No. 9.5 (2022 ed.) | 52 |
| 44 | | Carjacking | Tenth Circuit Model Criminal Jury Instructions, No. 2.79 (2021 ed.) | 54 |
| 45 | | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.) | 56 |
| 46 | | Consideration of Evidence -- Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.) | 58 |
| 47 | | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.) | 60 |
| 48 | | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.) | 61 |

**PRELIMINARY INSTRUCTIONS**

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 1

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.) [Duty of Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 2

This is a criminal case brought by the United States government. The government charges the defendant with interference and attempted interference with commerce by extortion, in violation of Title 18, United States Code, Section 1951(a), and carjacking, in violation of Title 18, United States Code, Section 2119(2). The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

Ninth Circuit Model Jury Instructions, No. 1.2 (2022 ed.) [The Charge -- Presumption of Innocence] (modified to reflect indictment)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.) [What Is Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 4

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.) [What Is Not Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 5

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.) [Direct and Circumstantial Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 6

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.) [Ruling on Objections]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

//

//

//

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.) [Credibility of Witnesses]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 8

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to

discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken

an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.) [Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 9

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.)
[No Transcript Available to Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 10

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.) [Taking Notes]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 11

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.) [Outline of Trial]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 12

A language other than English will be used for some evidence during this trial. When a witness testifies in another language, the witness will do so through an official court interpreter. When recorded evidence is presented in another language, there will be an official court translation of the recording.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation or translation provided through the official court interpreters and translators. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation or translation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

Ninth Circuit Model Criminal Jury Instructions, No. 1.12 (2022 ed.) [Jury to Be Guided by English Translation/Interpretation]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 13

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.) [Bench Conferences and Recesses]

# INSTRUCTIONS IN THE COURSE OF TRIAL

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 14

At the End of Each Day of the Case:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

At the Beginning of Each Day of the Case:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait

for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) [Cautionary Instruction]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 15

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2022 ed.) [Stipulations of Fact]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 16

You [are about to [hear][watch] [have heard] [watched]] a recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear][heard] something different from what [appears][appeared] in the transcript, what you [hear][heard] is controlling.

Ninth Circuit Model Criminal Jury Instructions, No. 2.6 (2022 ed.)

[Transcript of Recording in English]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 17

[if applicable]

You [are about to [hear][watch]] [have [heard][watched]] a recording in the Korean language. Each of you [has been] [was] given a transcript of the recording that has been admitted into evidence. The transcript is an English-language translation of the recording.

Although some of you may know the Korean language, it is important that all jurors consider the same evidence. The transcript is the evidence, not the foreign language spoken in the recording. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

Ninth Circuit Model Criminal Jury Instructions, No. 2.7 (2022 ed.) [Transcript of Recording in Foreign Language]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 18

[if applicable]

You [are about to [hear][watch]] [have [heard][watched]] a recording in the Korean language. A transcript of the recording has been admitted into evidence. The transcript is an official English-language translation of the recording. The accuracy of the transcript is disputed in this case.

Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the words spoken in a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, the audibility of the recording, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

Although some of you may know the Korean language, it is important that all jurors consider the same evidence. Therefore, you must not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcript must be based on the evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 2.8 (2022 ed.) [Disputed Transcript of Recording in Foreign Language]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

You [are about to hear] [have heard] testimony of a witness who [will be testifying] [testified] in the Korean language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Korean language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or party based solely on the fact that an interpreter was used.

Ninth Circuit Model Criminal Jury Instructions, No. 2.9 (2022 ed.) [Foreign Language Testimony]

## **INSTRUCTIONS AT END OF CASE**

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 20

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions, or into anything I may have said or done, any

//

//

//

suggestion as to what verdict you should return -- that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.) [Duties of the Jury to Find Facts and Follow Law]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 21

You have heard testimony that a defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.) [Statements by Defendant]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 22

[if applicable]

You have heard evidence that a defendant committed other crimes, wrongs, or acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident, and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

Ninth Circuit Model Criminal Jury Instructions, No. 3.3 (2022 ed.) [Other Crimes, Wrongs or Acts of Defendant]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 23

[if applicable]

You have heard evidence that [name of witness], a witness, [specify basis for impeachment]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Ninth Circuit Model Criminal Jury Instructions, No. 3.8 (2022 ed.) [Impeachment Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 24

You have heard testimony from Los Angeles Police Department Sergeant Felipe Pardo, Federal Bureau of Investigation Special Agent Jeffrey Bennett, and Los Angeles Police Department Officer Jacob C. Rice who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (2022 ed.) [Opinion Evidence - Expert Witness]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 25

[if applicable]

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 3.16 (2022 ed.) [Charts and Summaries Not Admitted Into Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 26

[if applicable]

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 3.17(2022 ed.) [Charts and Summaries Admitted Into Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 27

The indictment is not evidence. The defendant has pleaded not guilty to each of the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) [Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 28

[If defendant does not testify]

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

[If defendant testifies]

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) [Defendant's Decision Not To Testify/To Testify]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 29

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) [Reasonable Doubt -- Defined]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 30

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.) [What Is Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 31

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) [What Is Not Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 32

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) [Direct and Circumstantial Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 33

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) [Credibility of Witnesses]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 34

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) [Use of Notes]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 35

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.) [Jury Consideration of Punishment]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 36

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.) [Activities Not Charged]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 37

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

Ninth Circuit Model Criminal Jury Instructions, No. 6.11 (2022 ed.)

[Separate Consideration of Multiple Counts -- Single Defendant]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 38

The indictment charges that the offense alleged in Counts One through Thirty-Four was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts One through Thirty-Four the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.) [On or About -- Defined]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 39

A defendant may be found guilty of carjacking, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of carjacking by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed carjacking;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of carjacking;

Third, the defendant acted with the intent to facilitate carjacking; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit carjacking.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime.

//

//

//

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2022 ed.) [Aiding and Abetting (18 U.S.C. § 2(a))] (modified to reflect indictment)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 40

A defendant may be found guilty of the crime(s) charged even if the defendant did not personally commit the act(s) constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States. A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

Ninth Circuit Model Criminal Jury Instructions, No. 4.2 (2022 ed.) [Aiding and Abetting (18 U.S.C. § 2(b))]

COURT’S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 41

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant’s words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Jury Instructions, No. 4.8 (2022 ed.)
[Knowingly]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 42

The defendant is charged in Counts One through Thirty-Two the indictment with extortion by force, violence, or fear in violation of Section 1951 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant induced Y.S., J.L., or S.S. to part with property by the wrongful use of actual or threatened force, violence, or fear;

Second, the defendant obtained the property with Y.S., J.L., or S.S.'s consent;

Third, the defendant acted with the intent to obtain the property; and

Fourth, commerce from one state to another was affected in some way.

Ninth Circuit Model Criminal Jury Instructions, No. 9.5 (2022 ed.) [Hobbs Act—Extortion by Force (18 U.S.C. § 1951)] (modified to reflect indictment)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 43

The defendant is charged in Count Thirty-Three of the indictment with attempted extortion by force, violence, or fear in violation of Section 1951 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to induce S.S. to part with property by the wrongful use of actual or threatened force, violence, or fear;

Second, the defendant obtained the property with S.S.'s consent;

Third, the defendant acted with the intent to obtain the property;

Fourth, commerce from one state to another would have been affected in some way; and

Fifth, the defendant did something that was a substantial step toward committing the crime.

A "substantial step" is conduct that strongly corroborates a defendant's intent to commit the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward committing the crime.

//

//

//

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

Ninth Circuit Model Criminal Jury Instructions, No. 9.5 (2022 ed.) [Hobbs Act—Attempted Extortion by Force (18 U.S.C. § 1951)] (modified to reflect indictment)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 44

The defendant is charged in Count Thirty-Four of the indictment with a violation of Section 2119 of Title 18 of the United States Code. This law makes it a crime to take from a person by force and violence or intimidation a motor vehicle that has moved in interstate commerce. To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First, the defendant took a Honda Odyssey minivan from Y.S.;

Second, the defendant did so by means of force and violence or intimidation;

Third, the motor vehicle had been transported, shipped, or received in interstate or foreign commerce;

Fourth, the defendant intended to cause death or serious bodily harm; and

Fifth, Y.S. suffered serious bodily injury as a result of the crime.

//

//

//

"Serious bodily injury" means injury that involves a substantial risk of death; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

Tenth Circuit Model Criminal Jury Instructions, No. 2.79 (2021 ed.) [Carjacking (18 U.S.C. § 2119)] (modified to reflect indictment and format of Ninth Circuit Model Criminal Jury Instructions)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 45

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.) [Duty to Deliberate]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 46

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could

result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.) [Consideration of Evidence -- Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 47

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.) [Verdict Form]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 48

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.) [Communication with Court]