**NOT FOR PUBLICATION**

FILED

APR 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

DAEKUN CHO, AKA DK,

       Defendant - Appellant.

No. 24-5185

D.C. No.
2:23-cr-00149-FLA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Argued and Submitted March 3, 2026
Pasadena, California

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District Judge.[**]

Daekun Cho appeals his convictions for extortion and attempted extortion under 18 U.S.C. § 1951(a) and aiding and abetting carjacking under 18 U.S.C. §§ 2(a) and 2119(2). Cho also appeals his sentencing enhancement under United

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

States Sentencing Guidelines Manual (U.S.S.G.) § 3A1.1(b).  As the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

We review a district court's decision to exclude evidence for abuse of discretion, *United States v. Smith*, 735 F.2d 1196, 1198 (9th Cir. 1984), and a district court's findings of fact for clear error.  *See United States v. Olsen*, 21 F.4th 1036, 1040 (9th Cir. 2022) (per curiam).  "A non-constitutional error requires reversal unless there is a fair assurance of harmlessness, or stated another way, unless it is more probable than not that the error did not materially affect the verdict."  *United States v. Lopez*, 913 F.3d 807, 825 (9th Cir. 2019) (citation modified).

1.    Assuming the district court improperly admitted the uncharged shooting and gang affiliation evidence, any error is harmless given the overwhelming evidence of Cho's guilt.  *See United States v. Smith*, 638 F.2d 131, 134 (9th Cir. 1981).  Multiple victims testified that they paid Cho out of fear, that Cho threatened or attacked them when they failed to pay, and that Cho participated in the charged carjacking.

Cho argues that the "quality" of the victim witnesses' testimony was low because the government offered the witnesses immigration assistance.  Yet Cho does not show that any witness testimony was tainted by such assistance, if any.

2

24-5185

Cho also argues that Yun Soo Shin's testimony that one of the two masked assailants who beat him was Cho is improbable and inconsistent with statements he made to a police officer.  With respect to improbability, Cho argues that Shin only testified that he recognized Cho's eyes during the attack.  However, Shin also testified that he recognized Cho by his voice, a fact Cho does not challenge despite Appellee's reliance on this fact.  Cho has therefore forfeited his argument with respect to improbability.  *See Maciel v. Cate*, 731 F.3d 928, 932 n.4 (9th Cir. 2013).

As to inconsistency, a police officer—testifying based on her review of a police report prepared by her partner rather than her own recollection—stated that Shin described his assailants as two Black men.  However, a doctor who treated Shin at the hospital testified that Shin had been given the "strongest pain medication we can give" at the "highest dose that we give" because Shin reported his pain was "10 out of 10," which suggests that the medication could have affected Shin's statements to the police officer.

In any event, Shin's business partner testified that, shortly after the attack and before Shin was hospitalized, Shin was "repeatedly saying, . . . It was [Cho]." Shin's partner also testified that, during Shin's beating, he heard Shin repeatedly yelling, "I will pay you."  It is undisputed that Shin had stopped paying Cho several weeks prior to the attack.  In light of the evidence indicating that Cho was

24-5185

one of Shin's assailants, it is not more probable than not that the jury would have reached a different verdict absent the evidence of the uncharged shooting and Cho's gang affiliation. *See Smith*, 638 F.2d at 134.

2. Cho does not challenge the district court's rulings sustaining the government's relevancy objections regarding his questioning of Jun Hun Lee. Cho has therefore forfeited such a challenge. *See United States v. Perez-Silvan*, 861 F.3d 935, 938 (9th Cir. 2017).

The district court abused its discretion in excluding Cho's statements in the group chat, Exhibit 202, as hearsay. Unlike the statements at issue in *United States v. Ortega*, 203 F.3d 675, 681–83 (9th Cir. 2000), Cho's messages, such as "What company she works for?" and "Let me know asap. It's urgent.", do not assert exculpatory facts offered for their truth. Instead, they constitute operational communications probative of an ongoing information-sharing relationship with drivers. To the extent they were offered to show the nature of that relationship or that such communications occurred, they fall outside the definition of hearsay under Federal Rule of Evidence 801(c). Nevertheless, the error was harmless. The jury was aware that Cho communicated with drivers through the group chat, and the redacted exhibit conveyed the overall structure and context of those exchanges. Because the excluded statements were largely cumulative of other evidence, their

24-5185

omission did not materially affect the verdict.  *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002).  Accordingly, the error does not warrant reversal.

3.      The district court did not clearly err in finding Cho's victims unusually vulnerable under U.S.S.G. § 3A1.1(b).  The district court reasonably found that the victims were unusually vulnerable given their immigration status, language barriers, lack of familiarity with of the American legal system, and cultural factors that made them less likely to seek protection.  *See United States v. Mendoza*, 262 F.3d 957, 960–61 (9th Cir. 2001).  These factors were not incorporated in the offense guideline, *see* U.S. SENT'G GUIDELINES MANUAL § 3A1.1 cmt. n.2, and the record supports the conclusion that Cho "knew or should have known that individuals with [his victims'] backgrounds were more likely than others to succumb to [extortion] and were particularly susceptible to [extortion]." *See United States v. Peters*, 962 F.2d 1410, 1418 (9th Cir. 1992).

**AFFIRMED.**

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

### Judgment

- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

### Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)

- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

### Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)

### (1) Purpose

#### A. Panel Rehearing:

- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ➤ A material point of fact or law was overlooked in the decision;
  - ➤ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ➤ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

#### B. Rehearing En Banc

- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - ➤ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
  - ➤ The proceeding involves a question of exceptional importance; or

1

> ➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

## (2) Deadlines for Filing:

- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

## (3) Statement of Counsel

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

## (4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))

- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

2

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
    - ➤ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
    - ➤ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

3

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

Name of party/parties requesting costs to be taxed:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**                      **Date**

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee/Appeal from District Court filing portion of fee ($5) | | | | $ |
| | | | **TOTAL:** | $ |

***Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*

---